210 So.2d 750 (1968)
HIALEAH RACE COURSE, INC., and Tropical Park, Inc., Appellants,
v.
GULFSTREAM PARK RACING ASSOCIATION, Inc., a Florida Corporation et al., Appellees.
No. 1963.
District Court of Appeal of Florida. Fourth District.
May 23, 1968.
*751 William C. Lantaff and John H. Wahl, Jr., of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for appellant, Hialeah Race Course, Inc.
Robert G. Worley and Lee M. Worley, of Worley, Gautier & Patterson, Miami, for appellant, Tropical Park, Inc.
Leonard Romanik, of Landefeld & Romanik, Hollywood, and Ford L. Thompson, of Starry & Thompson, Tallahassee, for appellee, Gulfstream Park Racing Ass'n, Inc.
CROSS, Judge.
Appellants-defendants, Hialeah Race Course, Inc., and Tropical Park, Inc., by interlocutory appeal seek review of an order denying their motion to dismiss appellee-plaintiff's, Gulfstream Park Racing Association, Inc., complaint in a declaratory judgment action. We affirm.
In its declaratory action the plaintiff seeks a determination of its rights as to racing dates allocated to horse tracks and to have Section 550.081(3), Florida Statutes 1947, F.S.A., declared unconstitutional.
The defendants contend that the complaint fails to state a cause of action in that the *752 complaint on its face sets forth and alleges affirmatively that the matters sought in the present suit have been previously litigated and are now res judicata,[1] and further assert the complaint reflects no change of condition that would permit the trial court to disregard the prior decision of the Florida Supreme Court.
In April of 1948 Gulfstream Park Racing Association, Inc., filed suit for declaratory decree challenging the Act's constitutionality and praying a declaration of rights under the aforesaid statute. Hialeah moved to dismiss the complaint. The trial court denied the motion. Hialeah then sought review of the order by petition for a writ of certiorari filed in the Florida Supreme Court. The court granted the writ and quashed the order and upheld the constitutionality of the Act.
In the legislative session of 1947 the Florida Legislature enacted Chapter 23728, Laws of Florida, Acts of 1947, Section 550.081, Florida Statutes, F.S.A. There were then three horse tracks in the State of Florida located within a radius of one hundred air miles of each other. The annual period of operating such horse tracks was to begin on December first of each year and continue for a period of 120 consecutive days, exclusive of Sundays, and each of the said tracks was permitted to race 40 consecutive racing days, exclusive of Sundays, without any of the said racing periods overlapping each other. The act further provided that the horse track having produced the largest amount of tax revenue during the preceding year of its operation would be granted its choice of the three established racing periods. The horse track having produced the second largest amount of tax revenue during the preceding year would be granted its choice of the remaining two established racing periods and the third track would receive the remaining racing period not selected by the other two.
In the year preceding the enactment of Section 550.081, Florida Statutes 1947, F.S.A., and up to the present date, Hialeah Race Course, Inc., has conducted its racing meet during the so-called "middle dates," which dates historically have produced the largest total amount of wagering or largest handle, and the largest amount of tax revenue for the state.
The Declaratory Judgments Act, as stated in Chapter 87, Florida Statutes 1965 (now Chapter 86, F.S. 1967, F.S.A.) is to settle and to afford relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations; and the Act itself is to be "liberally administered and construed." Upon a motion to dismiss, predicated upon insufficiency of the complaint to state a cause of action entitling the pleader to declaratory relief, all well pleaded allegations must be taken as true. The test of sufficiency of a complaint in such a proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. 9 Fla.Jur., Declaratory Actions, § 47. Thus, sustaining of the adequacy of the complaint only lays the foundation for the case to be heard upon its merits and does not connote a determination as to who should prevail.
The test recognized in this state of whether or not a complaint will give rise to a proceeding under the Declaratory Judgments Act inquires whether or not the party seeking a declaration shows that he is in doubt or is uncertain as to existence or non-existence of some right, status, immunity, power or privilege and has an actual, practical and present need for a declaration. There must be a bona fide controversy, justiciable in the sense that it flows out of some definite and concrete assertion of right, and there should be involved the legal *753 or equitable relations of parties having adverse interests with respect to which the declaration is sought. Colby v. Colby, Fla. App. 1960, 120 So.2d 797; May v. Holley, Fla. 1952, 59 So.2d 636; Ready v. Safeway Rock Co., 1946, 157 Fla. 27, 24 So.2d 808; 9 Fla.Jur., Declaratory Actions, §§ 8 and 9.
We now turn to examine the complaint for the purpose of determining the correctness of the chancellor's order. From the complaint it appears that Gulfstream Park, Hialeah Park, Inc., and Tropical Park, Inc., are each holders of permits and licenses authorized to conduct horse racing with pari-mutuel wagering, at the respective locations of each in Dade and Broward Counties. The complaint goes on to allege the history of F.S. Section 550.081, F.S.A., and further alleges that in the year preceding the enactment of F.S. § 550.081, F.S.A., and thereafter, Hialeah conducted its racing meets during the so-called "middle dates," which dates historically have produced the largest amount of wagering or the "largest handle" and therefore the largest amount of tax revenue for the state since all horse race-tracks subject to the provisions of the act are taxed at the same rate. The complaint also alleges the previously filed suit for declaratory decree in April of 1948 praying for a declaration of the rights of Gulfstream under the aforementioned statute, and the Supreme Court's upholding the constitutionality of the act.
The complaint further alleges that notwithstanding the prior decision of the Supreme Court, the aforementioned statute has become an unfair, arbitrary and a discriminatory exercise of the police power because of changed conditions and that the statute is invalid and unconstitutional under the due process and equal protection clauses of the Federal Constitution (the fifth and fourteenth amendments) and Sections 1 and 12 of the Declaration of Rights of the Florida Constitution, F.S.A. The complaint delineates and alleges approximately seventeen changes of fact and circumstances that have resulted since the enactment of F.S. § 550.081, F.S.A., alleging that the plaintiff, Gulfstream Park Racing Association, Inc., has a physical plant, facilities, racing program and quality of racing which is or could be competitive with Hialeah and on comparable racing dates Gulfstream could attract at least an equal number of spectators and could handle and produce at least an equal amount of pari-mutuel wagering and at least an equal amount of tax revenue to the State of Florida if it were given the opportunity to run its racing program during the so-called "middle dates"; that in each year since the enactment of F.S. § 550.081, F.S.A., Hialeah has chosen the middle dates as its racing period and has continued to reap the benefits therefrom, always producing the largest amount of tax revenue for the state giving it the first preference in the selection of racing dates for the next year; that by reason of this perpetuation of Hialeah's position Gulfstream is being denied equal protection under the law because it is an entity in the same class as Hialeah and similarly situated; that a controversy exists between the plaintiff and defendant as to the legal rights and duties of the parties in that Gulfstream claims that said statute is unconstitutional and void and further asserts the defendants or some of them claim the statute is constitutional and enforceable.
It sufficiently appears from the allegations of the complaint that the plaintiff has a justiciable, cognizable, bona fide and direct interest in the result sought by the action, it has indicated sufficiently that its rights and privileges under the aforementioned statutes are in doubt or jeopardy, and it affirmatively appears that the interest of the parties to this cause are clearly antagonistic.
Case law abounds to the proposition that the rule of res judicata extends only to the facts and conditions as they existed at the time the judgment was rendered, or more correctly speaking, at the time the issues in the first action were made, and to the legal rights and relations of the parties as fixed by the facts determined by that judgment. When other facts or conditions intervene before the second suit, furnishing *754 a new basis for the claims and defenses of the respective parties, the issues are no longer the same and the former judgment cannot be pleaded in bar of the second action. United States v. Wooten, 5 Cir.1965, 343 F.2d 214; Estevez v. Nabers, 5 Cir.1955, 219 F.2d 321, 323. Thus the applicability of the doctrine in each case turns on the particular facts alleged in each action and the particular disposition of the allegations in the first action. Florida is in accord with this viewpoint. See City of Miami Beach v. Prevatt, Fla. 1957, 97 So.2d 473, cert. denied, 355 U.S. 957, 78 S.Ct. 543, 2 L.Ed.2d 532; Wagner v. Baron, Fla. 1953, 64 So.2d 267, 268, 37 A.L.R.2d 831.
The plaintiff alleged in its complaint no less than seventeen substantial changes which have occurred in the racing industry since 1947, as well as changes that have occurred in the State of Florida. It is common knowledge that Florida has experienced an unprecedented growth in population and that the overall complexion of the state has changed from a basically agricultural economy to a more sophisticated urban oriented state. Consequently the facts and figures which the 1947 legislature had before it could in no way be comparable and could not reflect the circumstances and conditions now prevalent in this state. It is alleged that when the legislature passed F.S. § 550.081, F.S.A., Gulfstream had a physical plant that was small and unattractive as compared with the attractiveness and beauty of Hialeah and at that time it was doubtful that Gulfstream could have accommodated the volume of patrons that attended the races during the choice middle dates. Plaintiff further asserts that Gulfstream's facilities are now as good and as modern as any such facility in the state and could accommodate the volume of patrons during the middle dates and now has the facilities to protect the revenue of the state.
The allegations of the complaint sufficiently set forth charged conditions and new facts which did not exist at the time of the Supreme Court's decision in 1948 and that decision is not res judicata.
It is our conclusion that plaintiff's complaint states a cause of action cognizable under the Declaratory Judgment Statute, and the trial court was eminently correct in entering its order denying the defendants', Hialeah Race Course, Inc., and Tropical Park, Inc.'s motion to dismiss plaintiff's complaint.
Affirmed.
McCAIN and OWEN, JJ., concur.
NOTES
[1] See Hialeah Race Course, Inc. v. Gulf-Stream Park Racing Association, Inc., Fla. 1948, 37 So.2d 692.