226 So.2d 697 (1969)
Theresa B. CHANDLER, Appellant,
v.
Robert A. CHANDLER, Appellee.
No. 2274.
District Court of Appeal of Florida. Fourth District.
September 26, 1969.
Joseph M. Murasko, Fern Park, for appellant.
Charles E. Meiner, Orlando, for appellee.
*698 WALDEN, Judge.
A final decree of divorce was entered in favor of Theresa B. Chandler, appellant, against Robert A. Chandler, appellee, on June 15, 1965. The same decree approved and made part thereof a Property Settlement Agreement and a Custody Settlement. The latter gave custody of the four children born of the marriage and support payments of $275.00 per month to the appellant.
In October 1967 appellee petitioned for a post decretal order modifying the custody award to grant him custody of Michael Chandler. A hearing was held and simultaneously the appellant responded, opposing appellee's petition and alternatively petitioning for additional child support because of circumstantial changes and increased financial ability of appellee to pay. The trial court refused to consider appellant's petition for additional support[1] and granted temporary custody of Michael Chandler to appellee.[2]
On April 8, 1968, appellant again petitioned for a modification of the divorce decree seeking additional child support payments alleging increased needs of the children and changed circumstances of appellee indicating a financial ability to pay. The trial court denied appellant's petition and appellant appeals.
In the denial of the appellant's petition the court asserted a change in support was effected by the order rendered in December 1967, which granted custody of Michael Chandler to appellee and maintained support payments at $275.00 per month, but reduced the number of children in appellant's custody. Further, the order asserted that for the period from December 1967 to April 1968 there were no significant changes in the needs of the children or the financial ability of the appellee to warrant additional child support. During the April 1968 hearing, which is part of the record, the trial judge stated that the order of December 1967 made the period from final decree to December 1967 res judicata as to additional child support.[3]
*699 F.S. Section 61.14, F.S.A. 1967, permits either party to petition the court for modification of child custody or child support. It provides that sufficient changes in circumstances may be shown to warrant an adjustment in child support, but it must be proved that there is an increase in the ability of the father to contribute more support or additional needs of the children exist. Simmons v. Simmons, Fla. App. 1966, 192 So.2d 325; Cherney v. Cherney, Fla.App. 1962, 146 So.2d 914.
In order for the doctrine of res judicata to apply the same parties and issues must be before the court and a full hearing on the issues must be granted with a final determination of the issues. Gordon v. Gordon, Fla. 1952, 59 So.2d 40; Shirley v. Shirley, Fla.App. 1958, 100 So.2d 450. In Gordon, supra, the court said the effect of res judicata "puts at rest and entombs in eternal quiescence every justiciable, as well as every actually adjudicated, issue." Gordon v. Gordon, supra, 59 So.2d at p. 43.
Likewise, collateral estoppel differs in that it arises out of different causes of action in which the parties are not the same but issues in the present cause had been previously determined after a full hearing. However, in collateral estoppel the "precise fact" or "every point and question" on the issue must have been decided. Gordon v. Gordon, supra at p. 45.[4]
In the instant case appellant had a right under the statute to petition for a modification of the final decree. In December 1967 when the court refused to hear her petition the issue was never decided. The court felt that reducing her custody of one child and at the same time maintaining her support at $275.00 per month was tantamount to an increase in child support. This may be true, but appellant never had a hearing or a determination made as to changed needs of the children or increased financial ability of the appellee to pay for the period of June 1965 to December 1967. Because hearing was denied we will not decide the merits or demerits of appellant's argument for increased child support.
Therefore, we reverse and remand to the trial court with directions that a full hearing be conducted on the merits of appellant's petition for additional child support based upon such material changes, if any, that have occurred since the entry of the final decree on June 15, 1965.
Reversed.
OWEN, J., and FARRINGTON, OTIS, Associate Judge, concur.
NOTES
[1] Remarks during hearing:

"THE COURT: As far as I know, the Court is always open for petition of modification.
"MR. MURASKO: All right.
"THE COURT: It is my position, Mr. Murasko, that these matters are not before the Court and we are now here for a hearing today. Whether or not at the conclusion of the testimony the Court feels something further would assist or be of assistance to the Court, I am not going to say what the Court is going to do at some time in the future but what is brought on before me is notice for petition of modification and a response was filed thereto and that is what I understand is before me today. These other matters are collateral matters. I don't feel that I can hold up the petitioner's right to be heard because of some motion that was filed relatively quickly before the hearing."
[2] Pertinent parts of the December 15, order:

"* * * [I]t is hereby ordered that the petitioner, Robert A. Chandler, have temporary custody of Michael Chandler * * * IT IS FURTHER ORDERED that the petitioner continue to pay support unto the respondent, Theresa B. Chandler, at the rate of $275.00 per month, without interruption;
"IT IS FURTHER ORDERED AND ADJUDGED that the petitioner pay unto the respondent the sum of $200.00, found to be a reasonable attorney's fee, and the costs of this action."
[3] Remarks during hearing:

"THE COURT: Actually, we go back to December 1966. [1967] We have a change in his income and your petition for an increase, and I left it where it was, requiring him to continue supporting the three, the same as the four and I don't believe there has been sufficient change since December, under those circumstances, to warrant further modification at this time.
"* * *
"THE COURT: On December 4th, 1967, there was filed a petition to increase.
"As far as the Court is concerned, up to December 12th, it was res. judicata."
[4] For a recent discussion of both doctrines by this court, see Wacaster v. Wacaster, Fla.App. 1969, 220 So.2d 914.