PER CURIAM.
Appellants, Sproul, sued McDonald’s Systems, Inc., and others for various acts of negligence having to do with the design, installation, inspection, and maintenance of a table in the McDonald’s restaurant. McDonald’s filed a third party complaint against appellee Buchbinder, the manufacturer of the table, alleging like acts of negligence, and seeking contribution pursuant to Section 768.31, Florida Statutes (1979).
After McDonald’s and the other defendants obtained a partial summary judgment against the Sprouls on the aforementioned acts of negligence alleged in the complaint, Buchbinder moved for summary judgment on the third party complaint and prevailed. The Sprouls then filed an amended complaint against the original defendants and Buchbinder. The allegations of negligence against Buchbinder were similar to those contained in the third party complaint between McDonald’s and Buchbinder. A motion to dismiss the Amended Complaint on *463 the grounds of collateral estoppel and estop-pel by judgment was filed by Buchbinder and granted with prejudice. The Sprouls seek reversal of that order.
Ordinarily collateral estoppel and estoppel by judgment cannot be raised on motion to dismiss but must be pleaded as affirmative defenses. Moskovits v. Moskovits, 112 So.2d 875 (Fla. 1st DCA 1959). The wisdom of that rule is clearly demonstrated in this case. In its present posture we are unable to determine the basis of the court’s rulings on either of the summary judgments heretofore entered and that might become vital in determining whether the defenses raised are valid.
Accordingly, we reverse the judgment appealed from and remand the cause for further proceedings.
REVERSED AND REMANDED, with directions.
DOWNEY, ANSTEAD and GLICK-STEIN, JJ., concur.