GRIMES, Acting Chief Judge.
This is an appeal from a final judgment dismissing with prejudice a declaratory judgment action on the ground that no controversy presently existed between the parties.
Appellants, who owned a condominium unit in Arbomar Apartments, filed a declaratory judgment action against the Arbomar Condominium Association on June 29,1982. Appellants contended that the association required all condominium unit owners to pay a rental surcharge to the association as a prerequisite to renting a condominium unit. The money received from the rental surcharge was used by the association to pay common expenses. Since not all of the Arbomar owners rented their units, appellants asserted that the usage of the rental surcharge funds to pay common expenses increased the amount of common expenses paid by renting unit owners in comparison to the amount of those expenses paid by nonrenting unit owners in violation of the declaration of condominium. Appellants asked the court to declare the respective rights and duties of the parties with regard to the rental surcharge. Appellants further requested that if the court found that the surcharge was improper, that it quash the lien which had been filed by the association and that it require the association to return the surcharge payments previously made by appellants.
In February of 1983, while the lawsuit was still pending, the association voted to abandon the rental surcharge program, and thereafter released the lien against appellant’s unit. These facts were then raised in an affirmative defense of mootness. Though not pled, the association also asserted in a pretrial memoranda that if the rental surcharge program were upheld, the court should enter judgment against the appellants for the unpaid surcharges. Following the taking of testimony at the final hearing, the court held that the case was moot because the association had released its lien and had terminated the rental surcharge program.
We hold that the court erred in dismissing the suit rather than deciding the validity of the rental surcharge program. The Declaratory Judgments Act should be liberally construed to permit a party to obtain a determination of the existence of any right, status, immunity, power or privilege when he has an actual, practical and present need for such a determination. Hialeah Race Course, Inc. v. Gulfstream Park Racing Association, 210 So.2d 750 (Fla. 4th DCA 1968). Even though the *698 association had terminated the surcharge program, the appellants were claiming a refund of their surcharge payments. The relief to be granted depended upon the court’s determination of the validity of the surcharge. Moreover, there was no guarantee that the association would not reinsti-tute the surcharge program. Thus, a present controversy existed, and the appellants were in doubt as to their rights. The court should not have declined to rule on the merits.
We reverse the judgment of dismissal and remand for further proceedings. If the case is remanded to the same trial judge, he may either enter his ruling on the merits without further testimony or permit additional testimony to supplement the previous record. Reassignment to a different judge will require an entirely new hearing.
LEHAN and FRANK, JJ., concur.