PATTERSON, Judge.
This dispute arises from a contract under which IMC Fertilizer, Inc. (IMC) contracted to transport ammonia from its facilities to its customers through a pipeline owned and operated by Tampa Pipeline Transport Company (Tampa Pipeline). IMC agreed to pay Tampa Pipeline based on the volume of ammonia actually transported through the pipeline. The agreement provided for annual adjustment of the rate per ton transported based on the changes in the “average operating costs per ton” of Tampa Pipeline. At the beginning of each year, Tampa Pipeline was to notify IMC of its estimated charges for transport and the adjusted rates per ton for that year. At the end of the year, Tampa Pipeline was to notify IMC of its actual average operating costs for the year. If the actual costs exceeded the estimated billed costs, IMC was to pay the difference. Conversely, if the actual costs were less, Tampa Pipeline was to remit the difference to IMC. In the event of a dispute over the adjustment, the contract provides:
If there is any dispute between IMC and Transport concerning any such determination, IMC and Transport shall engage an independent public accountant (who will be a nationally-recognized firm of independent certified public accountants) to resolve the dispute and the opinion of such independent public accountant shall be binding on both parties.
A dispute of substantial proportion did in fact arise. When lengthy negotiations between the parties failed, Tampa Pipeline brought suit. In its answer, IMC asserted numerous substantive defenses to Tampa Pipeline’s right to adjustment payments in any amount. Additionally, it asserted that the action was premature in that Tampa Pipeline had failed to perform a condition precedent, that being the submission of the dispute to a firm of certified public accountants. IMC then moved for summary judgment and judgment on the pleadings in which it asserted in pertinent part:
[Mjost importantly, no demand by Tampa Pipeline for an accountant has been made and no accountant has in fact been *676 selected, even though IMC has been ready, willing and able to do so, and has requested application of this procedure.
In granting the motions, the trial court did not specify the grounds upon which it relied. Thus, it is unclear whether the trial court intended the final judgment to be an adjudication on the merits of Tampa Pipeline’s right to recover any amount or whether the court found that the action was merely premature. In that the dispute resolution mechanism of the contract is clear and unambiguous and was not complied with by Tampa Pipeline, we must conclude that the court only determined that the action was premature. Therefore, the final judgment does not act as an adjudication on the merits of Tampa Pipeline’s claim, and the parties are left to resolve this conflict in the manner provided in their contract.
Affirmed.
FRANK, A.C.J., and BLUE, J., concur.