670 So.2d 1037 (1996)
AGENCY FOR HEALTH CARE ADMINISTRATION, Appellant,
v.
UNIVERSITY HOSPITAL, LTD., et al., Appellees.
No. 95-1530.
District Court of Appeal of Florida, First District.
March 11, 1996.
Rehearing Denied April 26, 1996.
*1038 Michael O. Mathis and Richard M. Ellis, Tallahassee, for Appellant.
Harold F.X. Purnell and Stephen A. Ecenia of Rutledge, Ecenia, Underwood, Purnell & Hoffman, P.A., Tallahassee, for University Hospital, Ltd.; James C. Hauser and Carl R. Peterson, Jr. of Skelding, Labasky, Corry, Eastman, Hauser & Jolly, P.A., Tallahassee, for Sebastian Hospital, Inc. and Haines City HMA, Inc., for Appellees.
PER CURIAM.
The Agency for Health Care Admininistration (Agency) appeals a final order which invalidated proposed Rules 59A-3.203(2)(i) and (6). We reverse.
Section 395.003(2)(d), Florida Statutes (1993), provides, in part:
(d) The agency shall, at the request of a licensee, issue a single license to a licensee for facilities located on separate premises. Such a license shall specifically state the location of the facilities, the services, and the licensed beds available on each separate premises.
Section 409.905(5), Florida Statutes (Supp. 1994), provides in part:
A licensed hospital maintained primarily for the care and treatment of patients having mental disorders or mental diseases is not eligible to participate in the hospital inpatient portion of the Medicaid program except as provided in federal law.
The Agency had a prior practice of reviewing applications for single licenses under the Certificate of Need (CON) law. Under this prior practice, at least six entities which operated a Class I general hospital at one location and a Class III specialty psychiatric hospital at another location were issued a single Class I general hospital license, after filing CON applications. The agency noted, in state agency action reports issued during the CON review process, that the single Class I licenses would enable the entities to receive Medicaid reimbursement for services rendered at the psychiatric hospitals.
University Hospital, Ltd. (University) challenged the rule requiring an applicant for a single license to go through the CON process. In a final DOAH order (University I)[1], the rule was found to be invalid and in excess of the legislative directive of section 395.003(2)(d), which unequivocally mandates the issuance of a single license to a licensee for facilities located on separate premises on request of a licensee. The Agency did not appeal the order.
After issuance of the order in University I, the Agency issued proposed rules regarding issuance of a single license under section 395.003(2)(d). Proposed rule 59A-3.203(2)(i) provides:
(i) A single license will be issued to a licensee for facilities located on separate premises, upon request of the applicant. The license will specifically state the location of the facilities, their services, and the licensed beds available on each separate premises. Such a license shall also specifically identify the general or specialty classification of hospitals located on separate premises.
Proposed rule 59A-3.203(6) provides:
(6) Each license shall specifically state the name of the licensed operator of the hospital, the class of hospital, and the name and location of the hospital. Any beds in the hospital which are regulated under the certificate of need program, as specified in Chapter 59C-1, F.A.C., shall be listed, including the number of licensed beds by type. The license for hospitals having facilities on more than one premises shall specifically state the location of each facility, their general or specialty classification, their services, and the licensed beds available on each separate premises.
Cited as law implemented by the proposed rules were sections 395.001, 395.003, 395.004, *1039 395.1005, 408.035, 408.036, and 455.239, Florida Statutes.
Appellees are entities that have a Class I general hospital at one location and a Class III specialty psychiatric hospital at a separate location. Appellees filed petitions to determine the invalidity of the proposed rules. Appellees argued that a license issued pursuant to the proposed rules would not result in the consolidation of a psychiatric hospital under the Class I general license of the general hospital. It was argued that section 395.003(2)(d), in clear and mandatory terms, directs the agency to issue a single license and that no legislative enactment or change has occurred that would alter the benefits that flow from obtaining a single license. Appellees contended that the proposed rules directly conflict with section 395.003(2)(d) and also directly conflict with the order in University I. Appellees also contended that the sole purpose of the proposed rules was to prevent Medicaid reimbursement for services rendered at Class III specialty psychiatric hospitals, but there was nothing in the proposed rules to put the public on notice of that purpose or effect.
The hearing officer found the proposed rules to be invalid. The hearing officer noted that it was obvious that the law does not require the license to state the general or specialty classification for the separate facilities. The hearing officer concluded that section 395.003(2)(d) dictates what the license must include and the proposed rules embellish the statute by requiring more. The hearing officer also concluded that section 395.003(2)(d) was interpreted and construed in University I, and because that final order was not appealed the construction of the statute in that order was binding precedent. Portions of the University I order relied on by the hearing officer included:
Section 395.003(2)(d) unequivocally mandates the issuance of a single license for facilities located on separate premises on request of a licensee.

.... .
The AHCA's assertion that there is a type or kind of licensing procedure or "consolidation" other than as addressed in chapter 395 finds no support or authority expressed in any other statute or rule ... As a matter of law, there is only one kind of license "consolidation" and it is expressed in section 395.003.
The hearing officer stated that any present agency interpretation of the statute which conflicted with University I could not support the validity of the proposed rules.
We agree with the Agency that the proposed rules constitute a permissible interpretation of section 395.003. We also agree with the Agency that the order in University I did not set forth a considered interpretation of the form and effect of a single license issued pursuant to section 395.003(2)(d).
Section 395.003(2)(d) requires the license to specifically state the location, the services, and the licensed beds available on each separate premises. As noted in Agency for Health Care Administration v. Sebastian Hospital, Inc., 670 So.2d 1040 (Fla. 1st DCA 1996), nothing in the language of section 395.003(2)(d) requires that the license consolidate each facility under the same classification of hospital. Section 395.003(4) provides that the agency shall issue a license which specifies the services categories and the number of hospital beds in each category for which a license is issued. Section 395.003(6) provides that no specialty hospital shall provide any service or regularly serve any population group beyond those services or groups specified in its license.
The Agency indicated that section 395.003 was one of the statutory provisions implemented by the proposed rules. Any entity that has or wants a single license for facilities located on separate premises would be on notice that issuance of a single license would be affected by the proposed rule. Any entity that wanted to receive Medicaid reimbursement for a Class III specialty psychiatric hospital would be aware that a single license setting forth only a Class I general hospital classification was required in order to do so.
REVERSED.
BARFIELD, ALLEN and DAVIS, JJ., concur.
NOTES
[1] University Hospital, Ltd. v. Agency for Health Care Administration, 16 F.A.L.R. 3312.