PER CURIAM.
The Agency for Health Care Administration (Agency) appeals issuance of two writs of mandamus directing the Agency to issue “consolidated” hospital licenses to appellees. We quash the writs.
Section 395.003(2)(d), Florida Statutes (1993), provides, in part:
(d) The agency shall, at the request of a licensee, issue a single license to a licensee for facilities located on separate premises. Such a license shall specifically state the location of the facilities, the services, and *1041 the licensed beds available on each separate premises.
The Agency had a prior practice of reviewing applications for single licenses under the Certificate of Need (CON) law. Under this prior practice, at least six entities which operated a Class I general hospital at one location and a Class III specialty psychiatric hospital at another location were issued a single Class I general hospital license, after filing CON applications.[1]
University Hospital, Ltd. (University) challenged the rule requiring an applicant for a single license to go through the CON process. In a final DOAH order (University I), the rule was found to be invalid and in excess of the legislative directive of section 395.003(2)(d), which unequivocally mandates the issuance of a single license to a licensee for facilities located on separate premises on request of a licensee. The Agency did not appeal the order.
After issuance of the order in University I, the appellees filed applications for single licenses seeking to consolidate Class I general hospitals with Class III specialty psychiatric hospitals. The Agency issued licenses which separately identify a Class I general hospital and a Class III specialty psychiatric hospital. Cover letters also indicated that the single licenses did not mean that services rendered at the psychiatric facilities were eligible for Medicaid reimbursement. The appellees subsequently filed complaints in circuit court seeking issuance of a writ of mandamus, declaratory relief, and injunctive relief.[2] Ap-pellees argued that section 395.003(2)(d) entitles a party seeking a single license for such separate hospital facilities to have the facilities “consolidated” on the face of the license and thereby make the specialty psychiatric hospitals, which were previously separately identified, eligible for full Medicaid participation. Appellees also argued this result was mandated by the final order in University I, which appellees asserted construed the plain language of section 395.003(2)(d) to require a consolidated license.
A hearing on University’s complaint was held before Judge L. Ralph Smith, Jr. Judge Smith issued a writ of mandamus noting that section 395.003(2)(d) was clear on its face. He stated the plain language entitles a licensee to a single consolidated license for its hospital facilities located on separate premises upon request, citing the order in University I. He ordered issuance of a license that was unrestricted in character and which entitled University to obtain all rights including receipt of Medicaid reimbursement for services rendered at the psychiatric facility. A hearing on the complaints of Sebastian and Haines City was held before Judge Davey. Judge Davey issued a writ of mandamus, noting that the appellees had complied with all requirements of section 395.003(2)(d) and it appeared the Agency had no discretion to deny issuance of consolidated licenses. The Agency was again ordered to issue licenses in the same form used for prior licensees, designating all facilities as Class I general hospital facilities. Judge Davey specifically did not rule on whether this entitled the entities to Medicaid reimbursement.
We agree with the Agency that the trial judges improperly issued writs of mandamus. In each instance, the Agency issued a single license for facilities located on separate premises, specifically stating the location of the facilities, the services, and the licensed beds available on each separate premises, in accordance with section 395.003(2)(d). Nothing in the language of section 395.003(2)(d) requires that the license consolidate each facility under the same classification of hospital. The appellees are actually arguing not *1042 about whether the Agency performed its ministerial duty to issue single licenses, but instead about the form of a single license and the effect of a single license for separate facilities, particularly upon eligibility for Medicaid reimbursement. The form and effect of issuance of a single license in these instances are not appropriate subjects for a writ of mandamus. Accordingly, the orders on appeal are quashed.
BARFIELD, ALLEN and DAVIS, JJ., concur.

. Section 409.905(5), Florida Statutes (Supp. 1994), provides in part:
A licensed hospital maintained primarily for the care and treatment of patients having mental disorders or mental diseases is not eligible to participate in the hospital inpatient portion of the Medicaid program except as provided in federal law.
The Agency specifically noted, in state agency action reports issued during the CON review process, that the single licenses designating only a Class I general hospital classification for the two facilities would enable the entities to receive Medicaid reimbursement for services rendered at the psychiatric hospitals.

. Haines City HMA, Inc. and Sebastian Hospital, Inc. previously sought issuance of a writ of mandamus from this Court. The petition was denied without opinion.