697 So.2d 909 (1997)
UNIVERSITY HOSPITAL, LTD., Appellant,
v.
STATE of Florida, AGENCY FOR HEALTH CARE ADMINISTRATION, Appellee.
No. 96-4066.
District Court of Appeal of Florida, First District.
July 21, 1997.
*910 Stephen A. Ecenia and Thomas W. Konrad of Rutledge, Ecenia, Underwood, Purnell & Hoffman, P.A., Tallahassee, for Appellant.
Richard M. Ellis, Agency for Health Care Administration, Tallahassee, for Appellee.
ERVIN, Judge.
This is an appeal from an order entered by appellee, the Agency for Health Care Administration (AHCA), dismissing the petition of appellant, University Hospital (UH), for a formal administrative hearing on the ground of collateral estoppel. We conclude that the agency's determination of collateral estoppel is inapplicable, and reverse the order of dismissal and remand the case with directions to the agency to furnish UH a formal administrative hearing.
UH has for several years been seeking a single, Class I acutecare hospital license to cover both University Hospital, an acute-care hospital, and University Pavilion Hospital, a psychiatric hospital that UH owns which is adjacent to University Hospital. UH's purpose in seeking a single, Class I license is to qualify for Medicaid reimbursement for mental health services provided at University Pavilion.[1] A brief history of the litigation involving the parties is in order.
In 1994, UH and two other hospitals challenged Florida Administrative Code Rule 59C-1.004(2)(i), which required certificate-ofneed (CON) review for hospitals applying for a consolidated license for multiple healthcare facilities under section 395.003(2)(d), Florida Statutes (1993).[2] The hearing officer found the rule invalid, as it exceeded the scope of the statute, because the statute mandates the agency to issue a single license for facilities on separate premises once a licensee makes such request, without any requirement of a CON review. University Hosp., Ltd. v. Agency for Health Care Admin., 16 F.A.L.R. 3312 (Fla. Div. of Admin. Hearings 1994). AHCA did not appeal, but instead promulgated rules permitting it to issue a single license for facilities on separate premises, but to classify each hospital separately, rather than both under one classification. AHCA issued UH a single license but classified University Hospital as a Class I hospital and University Pavilion as a Class III specialty psychiatric hospital, thus precluding *911 UH from obtaining Medicaid reimbursement.
Thereafter, UH and other hospitals challenged the new rules both administratively and judicially. First, the hearing officer found the new rules to be invalid, holding that the rules improperly permitted the license to include material beyond that which the statute required. This court reversed, concluding that the rules constituted a permissible interpretation of section 395.003(2)(d); therefore, the agency could continue to issue single licenses containing separate hospital classifications for the separate facilities. Agency for Health Care Admin. v. University Hosp., Ltd., 670 So.2d 1037 (Fla. 1st DCA), review denied, 679 So.2d 774 (Fla.), and, 679 So.2d 775 (Fla. 1996). In the circuit court, UH and other hospitals filed petitions for writs of mandamus, which the court issued, holding that section 395.003(2)(d) entitled licensees to a single license for facilities on separate premises, and that such license must be unrestricted so that the hospitals would be entitled to Medicaid reimbursement. This court reversed, stating that nothing in section 395.003(2)(d) required that the license consolidate each facility under the same hospital classification. Agency for Health Care Admin. v. Sebastian Hosp., Inc., 670 So.2d 1040 (Fla. 1st DCA), review denied, 679 So.2d 774 (Fla.), and, 679 So.2d 775 (Fla.1996).
As a consequence, UH thereafter sent a letter to AHCA, asking once again for a Class I license for both hospitals. UH stated that it had learned that AHCA had issued Class I licenses to other similarly situated multiple-facility hospitals which previously had consolidated licenses, by construing as single premises what AHCA had previously considered to be "separate premises" under section 395.003(2)(d). "Premises" is defined in section 395.002(22), Florida Statutes (1995), as
those buildings, beds, and equipment located at the address of the licensed facility and all other buildings, beds, and equipment for the provision of hospital or ambulatory surgical care located in such reasonable proximity to the address of the licensed facility as to appear to the public to be under the dominion and control of the licensee.
AHCA denied UH's request, explaining that UH had characterized University Hospital and University Pavilion as located on separate premises throughout the course of prior litigation, and that the other hospitals UH referred to in its letter had at all times had separate facilities on the same premises.
In response, UH filed a petition for a section 120.57(1) hearing, the subsequent dismissal of which is the subject of this appeal, alleging that during the pendency of the above earlier appeals, AHCA had issued single, Class I licenses to other similarly situated hospitals whose facilities were located on a single premises, yet those hospitals had previously obtained consolidated licenses pursuant to section 395.003(2)(d), which required facilities to be on separate premises. UH alleged that its facilities were also on single premises and that AHCA had altered its prior practice relative to the issuance of the license UH was seeking, without notice to UH, thereby treating similarly situated entities in an illogical, dissimilar and arbitrary manner, violating the state and federal constitutions, invalidly exercising delegated legislative authority, and violating state and federal law.
AHCA filed a motion to dismiss, raising several issues, including collateral estoppel. The agency dismissed UH's petition with prejudice on the basis only of collateral estoppel, stating that during two years of litigation in administrative and judicial forums, UH had consistently represented its facilities as being located on "separate premises," pursuant to section 395.003(2)(d); accordingly, it was estopped from thereafter alleging that the two facilities are situated on the same premises.
Although UH has raised several issues in its appeal, the only one necessary for us to address, by reason of AHCA's ruling, is whether UH's petition for a formal, administrative hearing was correctly dismissed on the ground of collateral estoppel. In agreeing with UH that it is entitled to a hearing on this issue, we note that collateral estoppel, or estoppel by judgment, precludes a determination of any issue that was fully, fairly *912 and actually adjudicated in previous litigation. See Gordon v. Gordon, 59 So.2d 40 (Fla.1952). Nevertheless, the issue of whether collateral estoppel bars a petition for a section 120.57(1) hearing is ordinarily a factual decision which cannot be appropriately resolved by a motion to dismiss. By analogy, in the civil context, collateral estoppel is an affirmative defense that is precluded from resolution by motion to dismiss, because the question of its application requires examination of extrinsic evidence (the pleadings and judgments in the prior litigation), rather than simply the four corners of the complaint. See Moskovits v. Moskovits, 112 So.2d 875 (Fla. 1st DCA 1959); Sproul v. McDonald's Sys., Inc., 397 So.2d 462 (Fla. 4th DCA 1981).
More importantly, the gravamen of UH's complaint is that AHCA has perpetrated an injustice to it based upon its allegedly fluid interpretation of the term "single premises" vis-a-vis "separate premises." UH readily acknowledges that it sought licensure under section 395.003(2)(d), which applies only to facilities on separate premises, but claims that it did so because that was the means by which AHCA had hitherto licensed separate but related facilities. Later, however, according to UH, AHCA changed its policy by issuing single Class I licenses to separate facilities that it had previously licensed under section 395.003(2)(d), by determining that such facilities are located on a single premises. UH contends that its situation is indistinguishable from that of Sarasota County Public Hospital, South Seminole Joint Venture, Lower Florida Keys Health System and other facilities, and that AHCA is treating it differently from such hospitals, in violation of the law.
We note that collateral estoppel "does not apply where unanticipated subsequent events create a new legal situation." Krug v. Meros, 468 So.2d 299, 303 (Fla. 2d DCA 1985). In a comparable context, res judicata cannot bar a subsequent application for a permit if the second application is "supported by new facts, changed conditions, or additional submissions by the applicant." Thomson v. Department of Envtl. Reg., 511 So.2d 989, 991 (Fla.1987).
Accordingly, any determination of whether UH was collaterally estopped by reason of its adoption of inconsistent positions is premature, and such issue cannot be correctly decided until after UH is accorded a section 120.57(1) hearing.
REVERSED and REMANDED.
BENTON, J., and SMITH, Senior Judge, concur.
NOTES
[1] See § 409.905(5), Fla. Stat. (1995) (precluding Medicaid eligibility for licensed hospitals operated primarily for psychiatric patients).
[2] Section 395.003(2)(d) provides in part:

The agency shall, at the request of a licensee, issue a single license to a licensee for facilities located on separate premises. Such a license shall specifically state the location of the facilities, the services, and the licensed beds available on each separate premises.