ON MOTION FOR CLARIFICATION

KLEIN, J.
We grant appellees’ motion for clarification, withdraw our opinion of February 16, 2000, and substitute the following opinion.
Appellant (homeowner) appeals a final order in favor of his homeowner’s association and its directors, determining that the relief he sought in this declaratory judgment action is moot. We reverse.
In a prior lawsuit against the association the court entered a declaratory judgment determining that, in future voting by members of the association, there was to be one vote per lot owned. Subsequently, the association decided that assessments against the association for attorney’s fees and costs would be assessed by member, rather than by how many lots were owned by a member, and the homeowner brought this second suit for declaratory relief as to assessments.
During the pendency of this case a new board of directors was elected. The new board changed the manner in which assessments were made to conform to the method requested in the homeowners’ complaint. Thereafter, when the case came to trial, the trial court dismissed the homeowner’s action as being moot and because he had suffered no damages[1], retaining jurisdiction to award attorney’s fees and costs to the association.
The homeowner appeals, arguing that the controversy was not moot, and that the court should have granted the relief he sought, because there is no “guarantee that future boards will not attempt to levy assessments ‘by the number’ instead of ‘by lot.’ ” We agree with the homeowner that the case was not moot. In Breen v. Arbomar Condominium Ass'n, 501 So.2d 697, 698 (Fla. 2d DCA 1987), a condominium association had been surcharging rental units and, after an owner brought suit for declaratory relief, discontinued the practice. The trial court then dismissed the case as being moot, and the second district reversed, noting that the owner, in addition to seeking declaratory relief, was also claiming a refund of surcharge payments. The court also stated: “Moreover, there was no guarantee that the association would not reinstitute the surcharge program.”
We reject the association’s argument that there was no controversy because the association had already acted to change the manner of assessment by the time the association was added to the law suit which had been pending against only the directors. It was not until after the court granted the homeowner’s motion to amend the complaint to add the association as a party that the new directors took the action which allegedly made the matter moot.
We therefore reverse and remand for the trial court to consider the homeowner’s *1161 claim on the merits as to the association. We affirm the judgment as to the individual appellees, the directors, as there was no viable cause of action alleged against them.
WARNER, C.J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. We have not discussed the trial court’s statement that the homeowner had to sustain damages because the appellees do not assert that this was a proper basis for the judgment in their favor.