991 So.2d 1037 (2008)
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Appellant,
v.
Jubran A. BADRA; Emily G. Badra; Unknown Person(s) in Possession of the Subject Property; Monarch Country Club Homeowners Association, Inc.; Martin Downs Property Owners Association, Inc., Appellees.
No. 4D07-4605.
District Court of Appeal of Florida, Fourth District.
October 15, 2008.
Steven Ellison and Franklin Homer of Broad and Cassel, West Palm Beach, for appellant.
Joseph L. Mannikko of Mannikko & Baris, Palm City, for Appellees-Badra.
STONE, J.
This is the third attempt to foreclose on the Badras' $320,000 home mortgage. Mortgage Electronic Registration Systems, Inc. (MERS), the mortgagee by assignment, appeals a summary judgment entered in favor of the mortgagor, the Badras. The trial court concluded that the promissory note, which was lost, cannot be re-established under the 2004 version of section 673.3091, Florida Statutes, notwithstanding an earlier final judgment of foreclosure of this note and mortgage (reversed on other grounds) that re-established the note.
As this court previously explained in Badra II, the following is the history of the note's ownership:

*1038 On September 16, 1988, the Badras executed and delivered to Amerifirst Bank a promissory note and purchase money mortgage. . . . On October 1, 1991, the promissory note was assigned to State Street Bank and Trust Company (State Street Bank), as Trustee, through the Resolution Trust Corporation [RTC]. . . . The original note was lost on October 1, 1991, when [RTC] transferred the mortgage and note to State Street Bank.
State Street Bank & Trust Co. v. Badra (Badra II), 765 So.2d 251, 252 (Fla. 4th DCA 2000).
In the first foreclosure (Badra I), State Street Bank (State Street) sued to both re-establish the note and foreclose on the mortgage. There, the trial court entered a final judgment, ruling that it was adopting the fact findings made on the record. One of the court's findings was a determination that the note was re-established pursuant to section 71.011. The final judgment, however, was in favor of the Badras because that trial court concluded, as to the foreclosure of the mortgage based on the re-established note, that State Street failed to meet a condition precedent to accelerating the mortgage. Specifically, State Street did not give proper notice prior to accelerating. With respect to the re-established note, the judgment is clear that it is a definitive ruling in favor of State Street Bank. The effect of the judgment in Badra I was simply to permit the Badras to cure the initial default in the re-established note, as there could be no acceleration of the note for that default without proper notice. No appeal was taken from Badra I.
A year later, State Street instituted a second action. The trial court granted the Badras' motion for summary judgment, finding the second action barred by res judicata. Id. This court reversed and remanded for further proceedings. Id. at 255. However, State Street failed to prosecute, and the case was ultimately dismissed on January 9, 2003. State Street then assigned the note and mortgage to MERS.
Finally, on January 21, 2003, MERS, as successor in interest by assignment, instituted the instant action to re-establish the note and to foreclose on the mortgage. In granting summary judgment in favor of the Badras, the trial court found the lost note unenforceable as a matter of law. In this action, MERS relied on section 673.3091, Florida Statutes. In the earlier foreclosures, the mortgagee relied on section 71.011 in seeking to re-establish the note.
We conclude that Badras' motion for summary judgment should have been denied based on principles of collateral estoppel, notwithstanding that this third foreclosure is not based on the same notice of default as the action in Badra I.
In Badra II, the Badras asserted that res judicata barred State Street's second foreclosure action against them. Badra, 765 So.2d at 253. This court, however, disagreed "because `identity of the cause of action' had not been met and there had been no adjudication on the merits." Id. Specifically, this court explained that because "the first and second actions involved different notices of acceleration,. . . there existed essential facts between the two cases which differed." Id. at 254. In Badra II, we also recognized that res judicata did not apply to the second action because "[t]he Final Judgment in the first action was not an adjudication on the merits," as the trial court determined that the action was premature. Id.
The Badras contend, here, that lack of unity of parties prevents application of *1039 MERS' collateral estoppel argument. However, it is clear that MERS is the successor in interest, as assignee, of State Street, and that the trial court, in Badra I, reinstated this note in favor of State Street.
Collateral estoppel precludes re-litigating an issue where the same issue has been fully litigated by the same parties or their privies, and a final decision has been rendered by a court. See Rice-Lamar v. City of Fort Lauderdale, 853 So.2d 1125, 1131 (Fla. 4th DCA 2003).
We recognize that in Badra I, the trial court said it was re-establishing the note pursuant to section 71.011, Florida Statutes, rather than the statutory section relied on here by MERS. Nevertheless, the issue, whether the lost note is re-established, is the same, and it meets the identity of issues requirement for finding collateral estoppel. In either case, the essential issue is whether the lost note is legally enforceable.
The 2003 version of section 673.3091, which we apply here, required a person seeking to enforce a lost note to have been in possession of the instrument when it was lost.[1] Effective March 29, 2004, the section provides that a person seeking to enforce a lost note must show only that the person was entitled to enforce it when it was lost. The earlier version provides that "a person not in possession of an instrument is entitled to enforce the instrument if: The person was in possession of the instrument and entitled to enforce it when loss of possession occurred[.]" § 673.3091(1)(a), Fla. Stat. (2003) (emphasis added).
The 2003 version of section 673.3091 provides, in pertinent part:
(1) A person not in possession of an instrument is entitled to enforce the instrument if:
(a) The person was in possession of the instrument and entitled to enforce it when loss of possession occurred;
(b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
(c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
§ 673.3091, Fla. Stat. (2003). Thus, it is MERS' burden to prove State Street's possession. This, however, was resolved by the reinstatement of the note in Badra I, thus, placing the note, as of that time, in the possession of State Street. Once the note was re-established and that ruling not appealed, it was effectively in the possession of State Street and subject to assignment. Certainly, it should not be the duty of an assignee of the mortgage securing a re-established note to independently re-establish the note once again in order to declare it in default. Any such need to do so is mooted by our conclusion that collateral estoppel applies to that aspect of the judgment in Badra I. We can discern no basis for requiring that that issue be re-litigated once resolved.
It was, therefore, error to enter summary judgment for the Badras and to deny partial summary judgment (as to the lost note) in favor of MERS. We remand for *1040 further proceedings consistent with this opinion.
Reversed and Remanded.
GROSS and TAYLOR, JJ., concur.
NOTES
[1] We need not resolve, here, whether the 2004 amendment to section 673.3091 was substantive, as argued by the Badras, and cannot be applied retrospectively to this action, filed in January 2003. See Serna v. Milanese, Inc., 643 So.2d 36, 38 (Fla. 3d DCA 1994).