# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1030
Lower Tribunal No. 09-34950
_____

**The Republic of Ecuador,**
Appellant,

vs.

**Roberto Isaias Dassum, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Squire Patton Boggs (US) LLP, and Alvin B. Davis, Digna B. French, and Rafael Langer-Osuna, for appellant.

Tein Malone PLLC, and Michael R. Tein and T. Omar Malone, for appellees.


Before EMAS, MILLER and BOKOR, JJ.

PER CURIAM.

The Republic of Ecuador appeals from a final summary judgment in favor of Roberto Isaias Dassum and William Isaias Dassum, based on application of the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion). Specifically, the trial court concluded that a prior Ecuadorian proceeding in bankruptcy—which resulted in a final determination that the Isaiases' debts to the Republic have been fully satisfied, bars the Republic's Florida lawsuit against the Isaiases on that same debt.

We discern no error and affirm. See Pearce v. Sandler, 219 So. 3d 961, 965 (Fla. 3d DCA 2017) ("Collateral estoppel precludes re-litigating an issue where the same issue has been fully litigated by the parties or their privies, and a final decision has been rendered by a court") (quoting Mtge. Elec. Registration Sys., Inc., v. Badra, 991 So. 2d 1037, 1039 (Fla. 4th DCA 2008)). Collateral estoppel applies where "(1) the identical issues were presented in a prior proceeding; (2) there was a full and fair opportunity to litigate the issues in the prior proceeding; (3) the issues in the prior litigation were a critical and necessary part of the prior determination; (4) the parties in the two proceedings were identical; and (5) the issues were actually litigated in the prior proceeding." Id. (quoting Topps v. State, 865 So. 2d

2

1253, 1255 (Fla. 2004)). Further, the defense of res judicata requires a party to satisfy two prerequisites:

> First, a judgment on the merits must have been rendered in a former suit. See Ludovici v. McKiness, 545 So. 2d 335, 337 (Fla. 3d DCA 1989); e.g., Tyson v. Viacom, Inc., 890 So. 2d 1205, 1209 (Fla. 4th DCA 2005) (en banc). Second, four identities must exist between the former suit and the suit in which res judicata is to be applied: "(1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the persons for or against whom the claim is made."

Pearce, 219 So. 3d at 966-67 (quoting Tyson v. Viacom, 890 So. 2d 1205, 1209 (Fla. 4th DCA 2005)) (additional citations omitted). See also Topps, 865 So. 2d at 1255 ("The idea underlying res judicata is that if a matter has already been decided, the petitioner has already had his or her day in court, and for purposes of judicial economy, that matter generally will not be reexamined again in any court (except, of course, for appeals by right)").

Affirmed.