515 So.2d 240 (1987)
SOUTHEASTERN FIDELITY INSURANCE COMPANY, Appellant,
v.
James M. RICE, Balboa Insurance Company, John Occhuizzo, d/b/a Auto Warehouse, and John Occhuizzo d/b/a Las Olas Auto Service, Appellees.
Nos. 84-2354, 85-304, and 85-2453.
District Court of Appeal of Florida, Fourth District.
June 3, 1987.
Rehearing Denied December 1, 1987.
*241 Thompson & Associates, and Jeanne Heyward, Miami, for appellant.
Leonard & Morrison, Fort Lauderdale, for appellee-Rice.
Bruce David Green of Bruce David Green, P.A., Fort Lauderdale, for appellee-Occhuizzo.
DOWNEY, Judge.
Appellant, Southeastern Fidelity Insurance Company, has perfected this appeal from a final judgment for appellees, James M. Rice and John Occhuizzo, and final orders regarding costs, attorney's fees and interest.
The evidence reflects that in September, 1980, Rice agreed to purchase a 1976 Rolls Royce from Occhuizzo, who sold antique cars, Rolls Royces, and Mercedes Benzes under the business name and style of Auto Warehouse. Occhuizzo also owned and operated a Mobil service station at another location under the business name and style of Las Olas Auto Service.
On October 2, 1980, Rice paid Occhuizzo $10,000 toward the purchase of the car and received a receipt from Auto Warehouse. Rice then left town, but on October 13, 1980, his employee delivered the balance of the purchase price of $35,500 to Occhiuzzo and received another receipt from Auto Warehouse. The car was then delivered by Occhiuzzo to Las Olas Auto Service for some final mechanical repairs. After those repairs had been made, but before road testing and delivery to Rice, a customer of Las Olas Auto Service inquired about the Rolls Royce and expressed an interest in it. Occhuizzo allowed the customer to testdrive the car away from the station, during which time an accident occurred, badly damaging the vehicle. The car was never delivered to Rice, and eventually he filed suit against John Occhuizzo, individually, John Occhuizzo a/k/a Auto Warehouse, and John Occhuizzo d/b/a Las Olas Auto Service, Balboa Insurance Company, and Southeastern Fidelity Insurance Company. Balboa insured Occhuizzo a/k/a Auto Warehouse and Southeastern insured Occhuizzo d/b/a Las Olas Auto Service. However, both insurers were eliminated from the suit before trial without adjudication of liability. The complaint alleged a cause of action for breach of contract by failing to deliver the car that Rice had agreed to purchase. The case resulted in a directed verdict for Rice and a final judgment for $44,500 against Occhuizzo, individually, Occhuizzo a/k/a Auto Warehouse, *242 and Occhuizzo d/b/a Las Olas Auto Service.
Subsequent thereto, both Rice and Occhuizzo filed suits for declaratory relief, each naming Southeastern and Balboa as defendants, in which they sought a declaration of their rights under the respective insurance policies issued by said insurance carriers. The cases were consolidated. Balboa eventually settled with the plaintiffs. Southeastern admitted issuance of the insurance policy to Occhuizzo d/b/a Las Olas Auto Service but denied coverage or liability under the circumstances of this case. Furthermore, Southeastern alleged an affirmative defense of collateral estoppel regarding the issue of ownership of the Rolls Royce at the time of the accident. It was contended therein that Rice and Occhiuzzo had litigated the issue of ownership in the first case, wherein the court held that Occhuizzo was the owner of the car and that Rice was entitled to a judgment for the purchase price he had paid to Occhuizzo.
Southeastern also moved for summary judgment, based on the determination in the prior lawsuit, since its policy specifically excluded any vehicles owned by, rented to or held for sale by the named insured. Southeastern, again, asserted in this motion that the parties were estopped from relitigating the issue of the ownership of the car. The trial court denied Southeastern's motion for summary judgment on the collateral estoppel issue and the case went to trial, resulting in a verdict and judgment for Rice and Occhuizzo against Southeastern. The trial court also denied Southeastern's motion for directed verdict on the coverage issue. The jury determined that Rice was the owner of the car and that he was entitled to $55,000.
We hold that the trial court erred in denying Southeastern's motion for summary judgment on the issue of collateral estoppel and in denying Southeastern's motion for directed verdict on the issue of coverage.
Collateral estoppel is a complete defense to the relitigation of an issue when there is an identity of parties or their privies, an identity of issues, and an actual litigation thereof in the first suit. Stevens v. LenHal Realty, Inc., 403 So.2d 507 (Fla. 4th DCA 1981); Seaboard Coast Line Railroad v. Industrial Contracting Co., 260 So.2d 860 (Fla. 4th DCA 1972); 32 Fla.Jur. 2d Judgments and Decrees § 114 (1981). The principal involved in collateral estoppel is that:
[a]ny right, fact or matter in issue and directly adjudicated, or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon the merits, is conclusively settled by the judgment therein and cannot again be litigated between the same parties and their privies, whether the claim, demand, purpose or subject-matter of the two suits is the same or not.
In re Constructors of Florida, Inc., 349 F.2d 595, 599 (5th Cir.1965), cert. denied sub nom., Coral Gables First National Bank v. American Surety Co., 383 U.S. 912, 86 S.Ct. 886, 15 L.Ed.2d 667 (1966). "[T]he judgment in the prior action operates as an estoppel only as to those matters in issue or the points controverted, on the determination of which the finding or verdict was rendered, or those rights or issues necessarily involved in the conclusions reached." 32 Fla.Jur.2d Judgments and Decrees § 102 (1981) (footnotes omitted).
An examination of the asserted allegations of the pleadings, the portions of the trial transcript, and the judgment from the first case convinces us that the issue of ownership of the Rolls Royce was fully litigated and decided in that case. In the second suit, we have the same parties or privies, because Southeastern is in privity with Occhiuzzo as its insured. In its broadest sense, privity is defined as "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." Black's Law Dictionary 1079 (5th ed. 1979). One not a party to a suit is in privity with one who is where his interest in the action was such that he will be bound by the final judgment as if he were a party. Id.
*243 The next defense that Southeastern relied upon was that its policy did not afford coverage for an automobile owned or rented to or held for sale by the named insured. Southeastern's policy provides in Section II, Part I, the following coverage for automobiles:
Automobile Service Center Operations Hazard  The ownership, maintenance or use of the premises for the purposes of a gasoline service station, and all operations necessary or incidental thereto, herein called "service station operations", including the automobile hazard which shall be defined as the use in connection with service station operations of any automobile which is neither owned nor hired by the named insured, a partner therein or a member of the same household as any such person.
An exclusion thereunder provides:
Exclusions  Section II of this policy does not apply under Part I:
... .
(k) to property damage to (1) property owned by, rented to or held for sale by the Insured ...
... .
PART 3  GARAGEKEEPERS' LEGAL LIABILITY
... .
Exclusion  Section II of this policy does not apply under Part 3: b) to an automobile
(1) owned or rented to
(i) the Named Insured or a partner therein, or the spouse of either if a resident of the same household,
... .
(2) in the custody of the Named Insured for demonstration or sale.
At trial, Ernest Smith, senior claims examiner for Southeastern, testified that, if John Occhuizzo, individually, owned the car there would be no coverage, and that, if John Occhuizzo a/k/a Auto Warehouse, John Occhuizzo, individually, and John Occhuizzo d/b/a Las Olas Auto Service were all one and the same, they would all be excluded from coverage under Part I of the liability section. It was determined in the first lawsuit that Occhuizzo owned the car, and the judgment was entered against him individually as well as against him being known as Auto Warehouse and doing business as Las Olas Auto Service. There was no entity distinct from the person operating the businesses.
Since it has been established that Occhuizzo was the owner of the car, the incident is clearly not covered by Southeastern's policy. Furthermore, it is at least questionable, though we need not decide it here, whether the car was covered because of the use to which it was being put at the time of the accident.
In view of the foregoing, the judgment appealed and the orders allowing costs, attorney's fees and interest to the appellees are erroneous and, thus, reversed.
GLICKSTEIN, J., and WETHERINGTON, GERALD T., Associate Judge, concur.