PER CURIAM.
Appellant Riseorp challenges a worker’s compensation order in which the Judge of Compensation Claims found that the worker’s compensation insurance policy in question was in effect on the date of the accident.
After oral argument in this case, the court issued the following order:
Before the entry of the workers’ compensation order in the present case, the Honorable Richard Orfinger, Circuit Judge of the Circuit Court for Volusia County, Florida, rendered a final order in Fair-way Signs Corp. v. Riscorp Insurance Company, Case No. 95-32263, a declaratory action brought by Fair-way Signs Corp., ap-pellee in the instant case against Riseorp, appellant in this case. Judge Orfinger’s final declaratory judgment held that no workers’ compensation insurance coverage existed on the date of the accident in question. The final declaratory judgment has been appealed to the Fifth District Court of Appeal and is pending in that court as Case No. 96-2222. This court is of the opinion that the ruling in the Volusia County case prevents Fairway Signs or the workers’ compensation claimant under the Riseorp policy from relitigating the coverage question. “One not a party to a suit is in privity with one who is where his interest in the action was such that he will be bound by the final judgment as if he were a party.” Southeastern Fidelity Ins. Co. v. Rice, 515 So.2d 240, 242 (Fla. 4th DCA 1987). This court is of the view, therefore that the decision of the Fifth District Court of Appeal either affirming or reversing Judge Orfinger’s final declaratory judgment will be conclusive of the coverage issue in the present case.
This court stayed this cause until the Fifth District Court of Appeal issues its decision and mandate in case number 96-2222. The Fifth District has per curiam affirmed Judge Orfinger’s order. Fair-Way Signs Corporation v. Riscorp Insurance Company, 698 So.2d 1234 (Fla. 5th DCA 1997). Accordingly, we reverse the JCC’s order on the basis that the decision of the Fifth District affirming the circuit court’s final declaratory judgment is conclusive on the coverage issue in *593 the present ease. No policy of insurance was in effect on the date of the accident, and no benefits are due.
REVERSED.
BARFIELD, C.J., and KAHN and DAVIS, JJ., concur.