941 So.2d 421 (2006)
CARNIVAL CORPORATION d/b/a Carnival Cruise Lines, Petitioner,
v.
Barbara MIDDLETON and James Middleton, her husband, Respondents.
No. 3D06-160.
District Court of Appeal of Florida, Third District.
October 4, 2006.
Rehearing Denied November 16, 2006.
*422 Mase & Lara and Beverly D. Eisenstadt, Miami, for petitioner.
Rick G. Bannon, St. Petersburg, for respondents.
Before GERSTEN, SUAREZ, and ROTHENBERG, JJ.
*423 SUAREZ, J.
Carnival Cruise Lines ("Carnival") appeals a non-final order reinstating a negligence cause of action against Carnival for injuries sustained on January 13, 2003, by passenger, Barbara Middleton, on board the vessel M./V. Victory. We treat the appeal as a petition for writ of prohibition and grant the relief requested.
Based on a forum selection clause in the passenger ticket,[1] which provided for resolution of any dispute in connection or incident to the guest's cruise to be litigated in the United States District Court for the Southern District of Florida in Miami, the trial judge dismissed the action without prejudice to be re-filed in the Southern District Court. The Middletons then filed suit in the United States District Court for the Southern District of Florida.
Pursuant to Clause 14(a)[2] of the passenger ticket, which provides for a one-year statute of limitations period for personal injury suits, the United States District Judge dismissed the federal action which had been filed by the Middletons on grounds that they had failed to file suit in federal court within the applicable ticket-contract provision of one year for personal injury actions.[3] The state court then reinstated the action. This petition follows.
The Middletons argue that the venue provision in the passenger ticket is unenforceable because (1) the clause is ambiguous and neither reasonably communicates the limitations on the filing of the lawsuit nor provides adequate notice of the restrictions to passengers; and (2) the forum selection clause violates the passengers' right to a jury trial under the Florida Constitution.[4]See Art. I, § 22, Fla. Const.
1. The federal court's Order Granting Defendant's Motion to Dismiss, under appropriate maritime jurisdiction, states that:
As a general rule, conditions or limitations in a contract for passage are valid if the ticket provides adequate notice and reasonably communicates the limitations contained therein. See Carpenter v. Klosters Rederi A/S, 604 F.2d 11, 13 (11th Cir.1987 [5th Cir.1979]); Marek v. Marpan Two, Inc., 817 F.2d 242, 245-46. Title 46 U.S.C.A.App. § 183b(a) permits cruise lines to place a one-year contractual time limit on their passenger's right to file personal injury suits. Courts will enforce such a limitation if the cruise ticket provided the passenger with reasonably adequate notice that the limit existed and formed part of the passenger contract. [footnote omitted]
The Southern District found that adequate notice was provided in the passenger ticket, and that the ticket reasonably communicated *424 the contractual limitations, including that the lawsuit had to have been brought before the Southern District of Florida within one year of the personal injury sustained. As respondents did not file suit in the Southern District of Florida until more than one year after the alleged injury, the action was subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).
The findings by the Southern District which were based on forum selection and limitations grounds were binding upon the lower court under the principles of collateral estoppel. Collateral estoppel is a judicial doctrine which prevents identical parties from relitigating the same issues which already have been decided. See Dep't of Health & Rehab. Servs. v. B.J.M., 656 So.2d 906 (Fla.1995). The doctrine of collateral estoppel applies where the threshold requirements are met: (1) the issue at stake is identical to the one involved in the prior litigation; (2) the issue was actually litigated in the prior suit; (3) the determination of the issue in the prior litigation was critical and necessary to the determination; and (4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding. E.g., Baxas Howell Mobley, Inc. v. BP Oil Co., 630 So.2d 207 (Fla. 3d DCA 1993). Because we find that all four threshold requirements have been complied with in the federal litigation, we hold that the issue of the validity of the forum selection clause and the limitations found therein, already decided by the Southern District, are controlling, and the respondents were collaterally estopped from re-litigating them in the circuit court. See Oldsmar v. State, 790 So.2d 1042 (Fla.2001); Dep't of Health & Rehab. Servs. v. B.J.M., 656 So.2d at 906. Therefore, the lower court was without jurisdiction to entertain the issues already disposed of in federal court.
2. Any other substantive issues on the merits, such as whether the forum selection clause deprived the Middletons of a right to a jury trial because there was not an intelligent and knowing waiver, were properly subject to determination by the federal court including appellate review of the Southern District's findings. The issue of whether the forum selection clause resulted in the respondents having knowingly waived their right to a jury trial was, admittedly, raised before the federal judge. The Southern District determined only that the forum selection clause was enforceable, dismissed the action and did not address in the order the issue of knowing waiver. "Under the principles of res judicata, a final decree bars a subsequent suit between the same parties based on the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised," not necessarily actually adjudicated, in the prior proceeding. Gordon v. Gordon, 59 So.2d 40 (Fla. 1952). As such, the trial court was without authority to re-instate the action to provide a state forum for the issues that had been raised, that were or were not adjudicated, or properly could have been raised in federal court. Since the forum selection clause and the waiver-of-jury-trial issues were properly subject to federal jurisdiction, they should have been raised in federal court, determined by the federal court and appealed under federal jurisdiction. Res judicata bars the trial court from relitigating the waiver question of the right to trial by jury.
Moreover, a dismissal based on statute of limitations grounds constitutes an adjudication on the merits for purposes of res judicata. Allie v. Ionata, 503 So.2d 1237, 1242 (Fla.1987)("Given the construction of Federal Rule 41(b) in the federal *425 courts, and in light of the unambiguous language of our Rule 1.420(b), we are compelled to hold that dismissal based on limitations statutes are adjudications on the merits for res judicata purposes."). The trial court was therefore without authority to reinstate this cause of action.
Petition granted.
NOTES
[1] It is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court of the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A., to the exclusion of the Courts of any other county, state or country. [e.s.]
[2] Suit to recover on any such claim shall not be maintainable unless filed within one year after the date of the injury, event, illness or death, and unless served on Carnival within 120 days after filing. [e.s.]
[3] The state action was filed prior to the expiration of the one-year statute of limitations. The federal action was filed August 27, 2004, more than a year after the alleged injury.
[4] The claim is in admiralty to which there is no right to trial by jury in federal court, see 46 U.S.C.A. app. § 183(c) (2006), without consent of the parties. See Fed.R.Civ.P. 39(c).