971 So.2d 897 (2007)
E.I. DuPONT DE NEMOURS & COMPANY, INC., Petitioner,
v.
MELVIN PIEDMONT NURSERY, Respondent.
No. 3D07-1316.
District Court of Appeal of Florida, Third District.
October 17, 2007.
Rehearing Denied December 5, 2007.
*898 Shook, Hardy & Bacon, LLP, and Edward A. Moss, and Eileen Tilghman Moss, and Todd Wallen, Miami; Hicks & Kneale, P.A., and Mark Hicks, Englewood, and Dinah Stein, Miami, for petitioner.
Feldman Gale, P.A., and Lawrence S. Gordon, and Jeffrey D. Feldman, Miami, for respondent.
Before GERSTEN, C.J., and GREEN, and SALTER, JJ.
PER CURIAM.
E.I. DuPont de Nemours & Co., Inc. ("DuPont"), seeks a writ of prohibition to prevent the Eleventh Judicial Circuit Court from proceeding to entertain an omnibus motion filed by Respondents raising a claim adjudicated in the United States District Court for the Western District of North Carolina by way of a final summary judgment and dismissal of Respondent's action. We grant the petition.
As we held in Carnival Corp. v. Middleton, 941 So.2d 421 (Fla. 3d DCA 2006), the findings of a federal district court are binding on a state trial court under principles of collateral estoppel. The doctrine of collateral estoppel prevents identical parties from relitigating the same issues that have already been decided. Id. Here, the same parties were before the federal district court in North Carolina on the same issues presented to the trial court below. The Respondents are simply attempting an end run around the federal court's adverse determination by re-litigating the same issues here. They are precluded from doing so under the doctrine of collateral estoppel. Carnival Corp., 941 So.2d at 424; Dep't of Health & Rehab. Servs. v. B.J.M., 656 So.2d 906 (Fla.1995).
Contrary to the trial court's perception, it is of no moment that the federal district court's entry of summary judgment may have been the result of a sanction.[1] The *899 issues are still deemed to have been adjudicated and the parties had a full and fair opportunity to be heard thereon. See In Re Docteroff, 133 F.3d 210 (3rd Cir.1997) (default entered as sanction against party operates to bar relitigation under collateral estoppel); Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush), 62 F.3d 1319 (11th Cir.1995) (collateral estoppel bars relitigation of fraud issues where default was entered against party in previous action as sanction).
Moreover, the doctrine of res judicata also bars the trial court from proceeding with this action. The final summary judgment entered in the federal district court action satisfies the elements of res judicata: (1) identity of the things sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality in the person for or against whom the claims are made. Johnson v. Young, 964 So.2d 719 (Fla. 3d DCA 2007). Respondents sought the same relief in federal court as they do in the action below; the identity of the cause of action, parties and quality of the persons also exists. The federal district court granted DuPont's summary judgment motion and dismissed the cause with prejudice. This constitutes a final determination of the issues.
For the foregoing reasons, we grant DuPont's petition for writ of prohibition precluding the lower court from conducting further proceedings in this cause between these parties. We are confident it won't be necessary to formally issue the writ.
Prohibition granted.
NOTES
[1] The federal district court in North Carolina entered summary judgment against the Respondents and dismissed their claims under the doctrine of judicial estoppel based upon the inconsistency of Respondents' positions during the course of the litigation. The Respondents never appealed this summary judgment.