[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 07, 2007
THOMAS K. KAHN
CLERK

No. 07-11617

D. C. Docket No. 06-60961 CV-PAS

WALTER WEISENBERG,

Plaintiff-Appellant,

versus

COSTA CROCIERE S.P.A.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

**(December 7, 2007)**

Before DUBINA and KRAVITCH, Circuit Judges, and GOLDBERG\*, Judge.

PER CURIAM:

_____
\*Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by
designation.

Appellant Walter Weisenberg ("Weisenberg") appeals the district court's order granting appellee's, Costa Crociere, S.P.A. ("Costa"), motion to dismiss[1] Weisenberg's complaint as time-barred. Weisenberg sustained an injury on December 17, 2003, while traveling aboard the passenger vessel Costa Mediterania. The issues presented on appeal are: (1) whether the district court erred in ruling that the statute of limitations on Weisenberg's federal action was not tolled during the pendency of Weisenberg's action in Florida state court; and (2) whether the district court erred in finding that Costa was not equitably estopped from relying on the contractual period of limitations.

We review *de novo* the district court's grant of a motion to dismiss, or in the alternative, motion for summary judgment. *Doe v. Pryor*, 344 F.3d 1282, 1284 (11th Cir. 2003). *See Daewoo Motor America, Inc. v. General Motors Corp.*, 459 F.3d 1249, 1256 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2032 (2007).

Even if we assume arguendo that the district court erred in relying on *Levick v. Steiner Transocean, Ltd.*, 377 F. Supp. 2d 1251 (S.D. Fla. 2005), in finding that Weisenberg's state court action did not toll the limitations period for his federal action, it would make no difference in our disposition of this case.

---

[1]The motion to dismiss was actually filed in the alternative as a motion for summary judgment. The district court permitted the parties to submit matters in support of and in opposition to the motion. After full briefing, the court entered its order granting the motion.

The record clearly demonstrates that Weisenberg did not diligently pursue his action such that equitable tolling should apply. The district court correctly recognized that Weisenberg knew that under the terms of the contract with Costa, he had to file his complaint in federal court. In fact, he did file in federal court, but when he failed to serve his complaint within 120 days, the district court dismissed the case. As the district court acknowledged, at that point, a diligent plaintiff would have immediately sought relief or immediately refiled the case. Because Weisenberg still had five weeks remaining on the one year statute of limitations at the time of dismissal, either act would have protected his rights. Instead, Weisenberg waited 364 days to seek relief from the order dismissing his case, which does not constitute due diligence.

Furthermore, we conclude from the record that the district court did not err in finding that Costa was not equitably estopped from relying on the contractual limitation period due to an alleged agreement between Weisenberg and Costa's claims administrator. There is simply nothing in the record to support this contention. Accordingly, for the above-stated reasons, we affirm the district court's judgment of dismissal.

**AFFIRMED.**