COPE, J.
This is an appeal of an order dismissing Walter Wiesenberg’s complaint for personal injuries he sustained as a passenger on a cruise ship. We affirm the dismissal order on the theory that the forum selection clause in the cruise ticket is enforceable. The lawsuit of plaintiff Wiesenberg had to be filed in federal court.
I.
The trial court dismissed the case now before us on the theory that it was barred by res judicata. We respectfully disagree and conclude that there is no res judicata bar.
In December 2003, plaintiff Wiesenberg was a passenger on the Costa Crociere cruise ship Mediterránea. As alleged in his complaint, the plaintiff struck his leg on a misplaced lounge chair, suffering a *911 puncture which eventually required surgery.
On November 8, 2004, the plaintiff filed a complaint against Costa in state court (“the state court action”). The plaintiff accomplished service of process.
On November 9, 2004, the plaintiff filed, but did not serve, a complaint against Cos-ta in federal court (“the 2004 federal action”). The plaintiff states that he filed two complaints because he did not have a copy of his ticket, and was unsure whether the ticket required the suit to be filed in federal court. Both cases were timely filed within the one-year statute of limitations contained in the cruise ticket.
Costa’s adjuster contacted the plaintiffs counsel and they discussed the plaintiffs claim. Plaintiffs counsel believed that they had agreed that all litigation would remain in abeyance while the parties attempted to resolve the claim.[1] Various items of correspondence followed.
In March 2005, the federal district court dismissed the 2004 federal action because the plaintiff had not served the defendant within the 120 day period for service of process provided by Federal Rule of Civil Procedure 4(m). The plaintiff did not move for rehearing or file an appeal. Plaintiffs counsel states that he believed he would be allowed to reinstate the federal suit if settlement discussions proved unsuccessful. The case failed to settle.
In March 2006, the plaintiff filed a motion for relief from judgment under Federal Rule of Procedure 60, seeking relief from the' dismissal order. That motion was denied. The plaintiff did not appeal.
In June 2006, the plaintiff filed a new complaint for damages in federal court (“the 2006 federal action”). This 2006 action asserted the same claim that the plaintiff had asserted in his 2004 action.
The defendant moved to dismiss the action as being time-barred by the one-year statute of limitations contained in the cruise ticket. The plaintiff argued that Costa should be estopped from raising a limitations defense on account of the alleged agreement between the parties to hold litigation in abeyance while settlement negotiations took place. The federal district court concluded that the elements of estoppel were not met, and dismissed the action.
For present purposes, it is essential to read the terms of the dismissal order. During the proceedings, the federal district court had been made aware that the plaintiffs state court action was pending. The court was also told the plaintiff maintained that the forum selection clause contained in the cruise ticket was invalid. That forum selection clause provided that any suit against the cruise line had to be brought in the United States District Court for the Southern District of Florida.
The federal district court said:
Finally, Plaintiff argues that the forum provision in the carriage agreement is invalid. Whether the forum selection provision is valid is beside the point, however, because the only issue before the Court is the limitations defense. With good reason, Plaintiff does not contend that the one-year limitations period is improper. See Levick [v. Steiner Transocean Ltd.], 377 F.Supp.2d [1251] at 1255 [ (S.D.Fla.2005) ] (“a shortened one-year limitations period in a cruise ticket contract is permissible.”). If Plaintiff believes that the forum clause is invalid, then he can make that argument in his state court action; it is unavailing here.
*912 Wiesenberg v. Costa Crociere, S.p.A, No. 06-60961-Civ-Seitz/McAliley, Order Granting Defendant’s Motion to Dismiss at 3 (S.D.Fla. Jan. 23, 2006) (emphasis added). The United States Court of Appeal for the Eleventh. Circuit affirmed. Weisenberg[2] v. Costa Crociere, S.p.A., 258 Fed.Appx. 265 (11th Cir.2007).
II.
In the meantime, Costa moved to dismiss the state court action. Costa argued that the federal district court’s dismissal of the 2006 federal action on the basis of the statute of limitations was res judicata and compelled dismissal of the 2004 state court action. Costa argued that this result was compelled by this court’s decision in Carnival Corp. v. Middleton, 941 So.2d 421 (Fla. 3d DCA 2006), which in turn followed Allie v. Ionata, 503 So.2d 1237 (Fla.1987). The trial court accepted Costa’s argument and dismissed the action. The plaintiff has appealed. We conclude that the trial court erred in its ruling.
Costa argues that a dismissal based on the statute of limitations constitutes an adjudication on the merits for purposes of res judicata. The Florida Supreme Court in Allie stated the general rule that “[u]n-der the federal scheme ... a dismissal on statute of limitations grounds is considered a dismissal on the merits by the operation of the rule [Federal Rule of Civil Procedure 41(b) ].” 503 So.2d at 1241; Carnival Corp. v. Middleton, 941 So.2d at 424-25.
There is, however, an exception. “Unless otherwise specifically exempted, a dismissal constitutes adjudication on the merits.” Allie, 503 So.2d at 1242 (emphasis added). That exception is applicable here. The federal district court’s order dismissing the 2006 federal action expressly stated, “If Plaintiff believes that the forum clause is invalid, then he can make that argument in his state court action. ...” Order Granting Defendant’s Motion to Dismiss at 3. By this language the federal district court explicitly allowed the plaintiff to proceed with his 2004 state court action and argue his claim that the forum selection clause in the cruise ticket was invalid. No such circumstances were present in this court’s decision in Carnival Corp. v. Middleton. As the exception applies in this case, rather than the general rule, the action should not have been dismissed on res judicata grounds.
Costa makes the additional argument that when the plaintiff appealed the dismissal of the 2006 federal action to the Eleventh Circuit, he was required to raise in that appeal his claim that the forum selection clause in the cruise ticket was invalid. That argument is without merit. The federal district court’s ruling on that issue was favorable to the plaintiff, by allowing the plaintiff to proceed in state court. There is no reason for the plaintiff to appeal a ruling in his favor.
For all of these reasons, the trial court erred in dismissing the state court action on the ground of res judicata.
III.
We find it appropriate to affirm on other grounds. See Dade County School Board v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999). During the pen-dency of this appeal, this court upheld the validity of a forum selection clause like the one involved in this case. Leslie v. Carnival Corp., 22 So.3d 561 (Fla. 3d DCA 2008), rehearing en banc denied, 22 So.3d 567 (Fla. 3d DCA 2009); Spivey-Ferguson v. Carnival Corp., 22 So.3d 566 (Fla. 3d DCA 2008), rehearing denied and question certified 22 So.3d 567 (Fla. 3d DCA 2009). *913 We therefore affirm the dismissal order now before us.
Affirmed.

On Motion for Rehearing or Certification

COPE, J.
We deny the motion for rehearing but grant the motion for certification of a question of great public importance.
Plaintiff Wiesenberg argues that we should grant rehearing and remand the case to the trial court. The plaintiff argues that it was not established that the plaintiff ever received a ticket, or if he did, which form of ticket he received.
We cannot see that this argument was made below. In response to the defendant Costa’s motion to dismiss or for summary judgment, the plaintiff made no claim that he traveled without a ticket. Indeed, the summary judgment record contains a copy of the plaintiffs federal court complaint. In federal court, the plaintiff specifically alleged that Costa had delivered to the plaintiff “a contract ticket or contract of passenger carriage[.]”
The defendant Costa also filed a copy of the standard form ticket it provided to the plaintiff. In the trial court, the plaintiff did not challenge the authenticity or text of the ticket.
The plaintiff also argues that there remains a question whether the forum selection clause adequately communicated (a) the necessity to file suit in federal court, and (b) that in federal court there would be no jury trial. However, those are the issues which divided this court in its denial of rehearing en banc in Leslie v. Carnival Corp., 22 So.3d 567 (Fla. 3d DCA 2009). Compare id. at 574 (Shepherd, Gersten, Wells, Suarez, and Lagoa, JJ., concurring in denial of rehearing en banc) (“[Ujnder federal maritime law, the passengers in these cases received the notice to which they were legally entitled.... There is no requirement under general maritime law that ticket recipients be advised of any unstated ramification of those limitations.”), with id. at 585 (Cortiñas, Ramirez, Cope, Rothenberg, and Salter, JJ., dissenting from denial of rehearing en banc) (“[W]e would grant the motion for rehearing en banc and find the federal court portion of the Forum Clause at issue here is unenforceable as it operates to deprive appellants of their constitutional right to a jury trial without notice and without consent.”). For the stated reasons, we deny the motion for rehearing.
The forum selection clause in this case states, in part:
(19) CHOICE OF FORUM; NO ARREST
[[Image here]]
(b) For cruises which depart from, return to, or make any port call at a United States port, Passenger further agrees that any suit against CARRIER shall be filed exclusively in the United States District Court for the Southern District of Florida located in Broward County, Florida, and that any such suit shall be based exclusively upon the admiralty jurisdiction of the United States District Court.
The clause now before us differs somewhat from the clause construed in Leslie. In the clause now before us, all passenger suits must be brought in admiralty in the United States District Court for the Southern District of Florida. In Leslie the forum selection clause did not specify the basis for federal jurisdiction, so that a passenger was free to rely on diversity of citizenship (where it exists) as a basis of federal jurisdiction. The difference is that the Leslie clause required some passengers (those who cannot establish diversity of citizenship) to proceed on the admiralty side of the federal district court, whereas *914 in the forum clause now before us, all passenger suits must proceed on the admiralty side of the federal district court.
As stated in our original opinion, we upheld the validity of the just-quoted forum selection clause on authority of Leslie. We certify that we have passed on a question of great public importance:
IS A FORUM SELECTION CLAUSE ENFORCEABLE IN CIRCUMSTANCES WHERE ITS EFFECT IS THAT PASSENGERS WAIVE THE RIGHT TO A JURY TRIAL BUT THE CLAUSE DOES NOT EXPRESSLY SO STATE?
Rehearing denied; question of great public importance certified.*
SUAREZ, J., concurs.

. Costa disagrees with the plaintiffs interpretation of the parties’ agreement.

. The opinion in the federal Eleventh Circuit apparently misspelled the plaintiffs name.

 The question is similar, but not identical to, the question that this court certified in Spivey-Ferguson v. Carnival Corp., 22 So.3d 566 (Fla. 3d DCA 2009). The question is worded differently because the clause is worded differently.