# Third District Court of Appeal

## State of Florida

Opinion filed May 31, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1562
Lower Tribunal No. 13-19977
_____

**Edgar B. Pearce, III,**
Appellant,

vs.

**Patricia Sandler, etc.,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Isaacson Isaacson Sheridan Fountain & Leftwich, LLP and Jennifer N. Fountain (Greensboro, NC); Kula & Associates, P.A. and Elliot B. Kula and William D. Mueller, for appellant.

Podhurst Orseck, P.A. and Joel D. Eaton, for appellee.


Before SUAREZ, C.J., and ROTHENBERG and FERNANDEZ, JJ.

SUAREZ, C.J.

Edgar "Trey" B. Pearce, III ["Pearce"], seeks to reverse the Final Judgment

and remand with directions to enter summary judgment in his favor. Summary

judgment in favor of the Appellant, Pearce, should have been entered and this matter concluded at that point. Additionally, the present action is also barred by the doctrines of collateral estoppel and res judicata. Therefore, we reverse.

Appellant Pearce, with his father Edgar Pearce, owned Pearce Financial, a financial investment company. The Sandlers (Martin and Patricia) and the Conrads (Joseph and Patricia)[1] invested money in Pearce Financial, which investments were exchanged for promissory notes. As the notes matured, the Conrads and Sandlers continued to invest their money with Pearce Financial, which included money generated through one of the Conrad's trusts, the Lyons Family CRT. Pearce Financial started to decline in 2008 and by 2009 it was unable to pay its creditors. Pearce Financial was forced to sell its assets to its senior secured lender; the second secured lender – Pearce – foreclosed on the remaining assets. The Sandlers and Conrads, as unsecured lenders, got nothing.

In 2010 the Sandlers and Conrads, with other unsecured lenders, sued the Pearce corporate entities and Pearce and his father Edgar individually for fraudulent misrepresentation, breach of fiduciary duty, and negligence [the "2010 Action"]. The Sandlers and Conrads alleged that at a dinner between the parties, Pearce materially and intentionally misrepresented the financial condition of Pearce Financial as well as the repayment priority of the promissory notes in order

---

[1] Patricia Sandler, Appellee here, is Joseph and Patricia Conrad's daughter.

2

to entice the Sandlers and Conrads to continue to invest their money with the company.

Joseph Conrad died during the pendency of the 2010 litigation. His wife, Patricia Conrad died shortly after him, also during the pendency of the 2010 litigation. After Joseph Conrad died, but before Patricia Conrad's death, the promissory notes that were held individually by Joseph and Patricia Conrad and that were the basis of their claims in the 2010 action, were assigned to the Conrad Family Trust. When Patricia Conrad died, her daughter, Patricia Sandler, Appellee here, became the trustee and she continued to pursue the same claims on those same notes as trustee of both the Conrad Family Trust and the Lyons Family CRT [collectively, the "Conrad Trusts"]. Patricia Sandler asserted that the notes held by the Lyons Family CRT were always included in the claims asserted by the Conrads in the 2010 Action.

After discovery had been conducted in the 2010 Action, Pearce filed motions for summary judgment against each of the plaintiffs. On October 26, 2012, the trial court dismissed the Conrads' claims with prejudice for failure to timely comply with Florida Rule of Civil Procedure 1.260 requiring the substitution of parties upon death. The ruling was not challenged on rehearing or appeal. The trial court then granted summary judgment in favor of Pearce on all remaining claims against him. The trial court found no genuine issues of material fact in dispute and specifically found that the pleadings and record evidence

3

demonstrated no misrepresentation, no breach of fiduciary duty, and no negligence by Pearce.[2]  That ruling was never challenged on rehearing or appeal.

In 2013, Patricia Sandler, now in her capacity as Trustee for the Conrad Trusts ["Sandler as Trustee"], brought the current suit against Pearce for alleged negligent misrepresentation,[3] relying on the same facts as in the 2010 Action and on the same notes that supported the claims in the 2010 Action.  Pearce moved for summary judgment based on the doctrines of res judicata and collateral estoppel.

[2] The trial court's Order Granting Pearce's Motions for Summary Judgment Against Martin and Patricia Sandler reads, in pertinent part,

> 3. As to Count III of the Amended Complaint (Fraudulent Misrepresentation), there are no genuine issues of material fact in dispute.  The pleadings and record evidence in this case demonstrate that no misrepresentations were made by Trey Pearce to Plaintiffs Martin and Patricia Sandler.  Accordingly, Defendant Trey Pearce is entitled to summary judgment on Count III of the Amended Complaint (Fraudulent Misrepresentation) as a matter of law. . . .
>
> 4. As to Count II of the Amended Complaint (Breach of Fiduciary Duty), there are no genuine issues of material fact in dispute. The pleadings and record evidence in this case demonstrate that the Sandlers were holders of a promissory note payable by Defendant Pearce Capital Corp., and that this promissory note was the product of an arms [sic] length transaction by and between the Sandlers and Pearce Capital Corp.  . . . no fiduciary relationship existed between Plaintiffs Martin and Patricia Sandler and Defendant Trey Pearce.  . . .
>
> 5). As to Count V of the Amended Complaint (Negligence), there are no genuine issues of material fact in dispute. The pleadings and record evidence in this case demonstrate that there was no duty owed by Trey Pearce, individually, to Plaintiffs Martin and Patricia Sandler. . . .

[3] The Plaintiffs in the 2010 Action sued Pearce for intentional misrepresentation.

4

Patricia Sandler argued that as Trustee of the Conrad Trusts, she had no identity of interest with any party to the prior lawsuit because in the 2010 Action the Conrad Trusts were not named plaintiffs, and genuine issues of material fact remained. The trial court denied Pearce's motion for summary judgment based on its conclusion that Patricia Sandler as individual in 2010 and Sandler as Trustee in 2013 were not identical parties and thus collateral estoppel did not apply as a bar to the 2013 Action. The cause went to jury trial. The jury found that Pearce made negligent misrepresentations that were a legal cause of loss to Sandler as Trustee for the Conrad Trusts. The jury found that the Conrad Trusts had contributed to their own harm, assigning 40% negligence to the Trusts and 60% negligence to Pearce, and awarded the amount of $210,300.00 on the verdict form to Sandler as Trustee for compensatory damages.[4] This appeal followed.

ANALYSIS

---

[4] Sandler as Trustee moved for entry of a final judgment. In her proposed Order, Sandler as Trustee recited that the jury had found that the gross amount of damages was $350,500.00, and that Pearce was responsible 60% percent of that amount, or $210,300. Pearce countered that the proposed Order was inconsistent with the verdict and requested a hearing. The trial court agreed with Sandler as Trustee, and recast the jury's verdict, over Pearce's objection. Pearce moved for Rehearing to Alter or Amend a Judgment. The trial court, following a hearing, granted in part and denied in part Pearce's motion, finding that any reference to the jury finding damages in the amount of $350,000.00 be removed from the judgment; however, judgment was entered against Pearce in the amount of $210,300.00. Pearce appeals from the trial court's post-judgment order, but for reasons set forth in the body of the opinion above, we need not reach this aspect of Pearce's appeal.

After a thorough reading of the record, we agree with Pearce that when the trial court dismissed the Conrad's claims with prejudice in the 2010 Action for failure to comply with Florida Rule of Civil Procedure 1.260, and granted summary judgment in Pearce's favor specifically dismissing all claims against him, the matter was concluded for all purposes. At that point, whatever claims that may have had existed on the promissory notes in question ceased to exist. Therefore, no claim could exist on those promissory notes that could be brought in the current suit by Sandler as Trustee. In the 2013 Action, the trial court should have entered summary judgment in favor of Pearce upon his motion on this issue alone, thereby ending the matter before trial.

Furthermore, the 2013 Action is also barred by the doctrines of collateral estoppel and res judicata as the 2010 and 2013 Actions are, in fact, identical in things sued for, operative facts, parties and capacity of the parties. "[C]ollateral estoppel, also known as issue preclusion, applies where: (1) the identical issues were presented in a prior proceeding; (2) there was a full and fair opportunity to litigate the issues in the prior proceeding; (3) the issues in the prior litigation were a critical and necessary part of the prior determination; (4) the parties in the two proceedings were identical; and (5) the issues were actually litigated in the prior proceeding." Topps v. State, 865 So. 2d 1253, 1255 (Fla. 2004). Where these elements are satisfied, "[c]ollateral estoppel may be applied to bar subsequent causes of action even where the second claim requires proof of different essential

6

facts than those required to be proved in the initial suit." Larimore v. State, 76 So. 3d 1121, 1123 (Fla. 1st DCA 2012). "Collateral estoppel precludes re-litigating an issue where the same issue has been fully litigated by the parties or their privies, and a final decision has been rendered by a court." Mtge. Elec. Registration Sys., Inc. v. Badra, 991 So. 2d 1037, 1039 (Fla. 4th DCA 2008) [e.s.]; accord Cook v. State, 921 So. 2d 631, 635 (Fla. 2d DCA 2005) ("A person who was not a named party to an action will nonetheless be subject to collateral estoppel arising from that action if that person was in privity with a party or virtually represented a party.").

To be in privity with one who is a party to a lawsuit, or for one to have been virtually represented by one who is a party to a lawsuit, one must have an interest in the action such that she will be bound by the final judgment as if she were a party. Southeastern Fidelity Ins. Co. v. Rice, 515 So. 2d 240 (Fla. 4th DCA 1987) ("One not a party to a suit is in privity with one who is where his interest in the action was such that he will be bound by the final judgment as if he were a party."); Aerojet-General Corp. v. Askew, 511 F.2d 710, 719 (5th Cir.), cert. denied, 423 U.S. 908, 96 S. Ct. 210, 46 L.Ed.2d 137 (1975) ("A person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative."). See also Stogniew v. McQueen, 656 So. 2d 917, 920 (Fla. 1995).

7

Sandler as Trustee argues that the 2013 claims are not barred by collateral estoppel because she has no identity of interest and no privity with the parties to the 2010 Action as the trusts she controls as trustee were not named as plaintiffs in that action. That argument is unpersuasive. The record shows that Patricia Sandler was an individual plaintiff in the 2010 Action, and a beneficiary of the trusts at issue. During the pendency of that litigation, her parents died; they were also individual plaintiffs whose claims were based on promissory notes owned by them individually. The notes were transferred to the Conrad Trusts after their deaths but during the litigation. The 2010 Action then continued based on the same claims and the same notes. The fact that the notes were assigned (by virtue of the Conrads' deaths) to the Conrad Trusts during the pendency of the 2010 Action is of no significance. Sandler as Trustee acquired her status as trustee of the Conrad Trusts during the pendency of the 2010 Action; she is still a beneficiary of those trusts in 2013. Although not explicitly named as a "trustee" in the 2010 lawsuit, Sandler as Trustee is nonetheless subject to collateral estoppel where, as between the 2010 and 2013 Actions, she was certainly a person in privity with a party or virtually represented by a party, and certainly was one who had an interest in the action "such that she will be bound by the final judgment as if she were a party." Southeastern Fidelity Ins. Co., 515 So. 2d at 242. "In its broadest sense, privity is defined as 'mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to

8

represent the same legal right.'" Id. at 242. We find this principle wholly applicable to Patricia Sandler's status in the 2010 and 2013 Actions.

In the 2010 Action, the trial court dismissed the Conrads' claims for failure to comply with Florida Rule of Civil Procedure 1.260 requirements for substitution of parties after death. The trial court then granted summary judgment in favor of Pearce and dismissed all of the 2010 claims against him with prejudice. At that point, there was nothing left for the Conrad Family Trust or the Lyons Family CRT to pursue. The Order in the 2010 Action explicitly found that the pleadings and record evidence demonstrated that no misrepresentations were made by Pearce to either the Sandlers or the Conrads at the dinner which formed the basis for the 2010 Action. The trial court's order granting summary judgment and dismissing with prejudice those claims made on behalf of beneficiaries of the Conrad Trusts operated as a final adjudication on the merits. The trial court's order was not appealed. With all identities required by the doctrine having been met, collateral estoppel bars the 2013 Action.

The doctrine of res judicata similarly bars Sandler as Trustee's 2013 lawsuit against Pearce. To successfully invoke a res judicata defense, a party must satisfy two prerequisites. First, a judgment on the merits must have been rendered in a former suit. See Ludovici v. McKiness, 545 So. 2d 335, 337 (Fla. 3d DCA 1989); e.g., Tyson v. Viacom, Inc., 890 So. 2d 1205, 1209 (Fla. 4th DCA 2005) (en banc). Second, four identities must exist between the former suit and the suit in which res

9

judicata is to be applied: "'(1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the persons for or against whom the claim is made.'" Id. (citations omitted); Youngblood v. Taylor, 89 So. 2d 503, 505 (Fla. 1956). In the 2013 Action, all four identities are present. The policy "underlying res judicata is that if a matter has already been decided, the petitioner has already had his or her day in court, and for purposes of judicial economy, that matter generally will not be reexamined again in any court (except, of course, for appeals by right)." Zikofsky v. Mktg. 10, Inc., 904 So. 2d 520, 523 (Fla. 4th DCA 2005). Based on principles of res judicata, a judgment on the merits will thus bar a subsequent action between the same parties on the same cause of action. Importantly, the doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised in the first case. See Kimbrell v. Paige, 448 So. 2d 1009, 1012 (Fla. 1984); Tyson v. Viacom, 890 So. 2d 1205, 1210 (Fla. 4th DCA 2005) ("The doctrine of splitting a cause of action is related to res judicata in that it requires that all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all."); Youngblood, 89 So. 2d at 505. Applying that principle here, Pearce's alleged intentional or fraudulent misrepresentation was fully litigated in the 2010 Action and he was found not liable. Sandler as Trustee's 2013 claim against Pearce for negligent

10

misrepresentation based on the identical subject matter and factual circumstances is thus precluded from consideration as an issue that could have been raised in 2010, but was not.

Whether we view Patricia Sandler's interest as an individual in 2010 or as trustee of the Conrad Trusts in 2013, the real party in interest on each side remains the same. The same issues are being litigated on the same notes, based on identical facts. See e.g., Olympian West Condominium Association, Inc. v. Kramer, 427 So. 2d 1039 (Fla. 3d DCA), rev. denied, 438 So. 2d 833 (Fla. 1983) (holding that the prior dismissal with prejudice of these named individuals bars the present action against them under familiar principles of res judicata, notwithstanding that in this action they are designated as partners in a partnership). We conclude that the 2013 Action is properly barred by collateral estoppel and res judicata.

For each and every reason stated above, we reverse the Final Judgment and remand, and direct the trial court to enter summary final judgment in favor of Pearce.

11