HARRIS, J.
Christine Portwood ("Former Wife") filed a motion with the trial court seeking to enforce the alimony obligations contained in her final judgment of dissolution of marriage and seeking to hold David Portwood ("Former Husband") in contempt for failure to pay alimony. Both parties have appealed the trial court's order, which confirmed Former Husband's alimony obligation but found that he could not be held in contempt for non-payment under principles of res judicata. We agree with Former Wife in her cross-appeal that the trial court erred in concluding that res judicata barred consideration of her motion for contempt and reverse on that ground. In all other respects, we affirm.
In 2007, the trial court entered a final judgment dissolving the parties' marriage. That final judgment incorporated a marital settlement agreement in which the parties agreed that Former Husband would pay two forms of spousal support-non-modifiable monthly alimony and "additional alimony" in an amount equal to the monthly mortgage payment on the former marital residence.
In March 2015, Former Wife filed a motion, seeking to hold Former Husband in contempt for, among other things, failing *672 to pay his monthly alimony obligation. The motion made no mention of Former Husband's additional alimony obligation related to the mortgage. The trial court granted Former Wife's motion and ordered Former Husband to pay the arrearage and to continue making his monthly payments in compliance with the marital settlement agreement. The parties subsequently executed, and the court approved, a joint stipulation that reduced Former Husband's monthly alimony payment. A paragraph in the joint stipulation provided that Former Husband's obligation to make the mortgage payments would remain in effect and not be altered by the other terms of the stipulation. Former Husband unilaterally crossed through this paragraph and initialed it; Former Wife did not.
Even prior to the joint stipulation, Former Husband stopped paying his additional alimony obligation, i.e., the monthly mortgage payment. In April 2017, Former Wife filed a motion for contempt and to compel Former Husband to execute documents that would allow a modification of the mortgage. A month later, she filed an amended motion, again seeking to hold Former Husband in contempt for failure to pay the additional alimony. The trial court entered two orders in response to Former Wife's motions. In its June 28, 2017 order, the court specifically found that the 2015 joint stipulation only modified Former Husband's traditional monthly alimony and that despite his attempt to strike through clarifying language in the 2015 joint stipulation, the mortgage component of Former Husband's alimony obligation remained unchanged. The court then denied the motion to compel the refinance of the mortgage, finding that the original agreement provided that refinancing would be solely at Former Husband's election.
Approximately three weeks later, the court entered the second order declining to to hold Former Husband in contempt for failure to pay the mortgage payments following the 2015 joint stipulation, finding that Former Husband mistakenly believed that he was no longer responsible for those payments. The court then determined that, under principles of res judicata, it could not hold Former Husband in contempt for his failure to pay the mortgage obligation prior to the 2015 joint stipulation. Even though Former Wife argued that she never raised the issue of Former Husband's failure to comply with the mortgage component prior to 2015, the court concluded that she could have raised the issue and therefore res judicata applied. This was error.
Initially, there is no merit to Former Husband's argument that the 2015 joint stipulation, which he unilaterally altered, somehow amounts to an express waiver by Former Wife of her right to receive the additional alimony payments. The trial court did not abuse its discretion in concluding in the first order that the parties only intended to modify Former Husband's traditional alimony obligation, and the decision of the trial court as it relates to the mortgage component of the alimony obligation in the first order is affirmed.
Similarly, the trial court did not abuse its discretion in finding that Former Husband reasonably, albeit mistakenly, believed that the mortgage obligation terminated upon the court's approval of the 2015 joint stipulation. However, the court erred in concluding that res judicata prevented it from considering whether Former Husband's refusal to pay the mortgage payments prior to the joint stipulation could be considered contumacious.
*673 While the trial court was correct that the principle of res judicata applies to all matters that have been or could have been litigated, four identities must occur simultaneously: "(1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the persons for or against whom the claim is made." Pearce v. Sandler, 219 So.3d 961, 966 (Fla. 3d DCA 2017) (quoting Tyson v. Viacom, Inc., 890 So.2d 1205, 1209 (Fla. 4th DCA 2005) ). If any of these are not met, res judicata does not bar the second action. Tyson, 890 So.2d at 1209. At a minimum, the first two of the four identities are not met in this case, barring the application of res judicata.
First, with respect to the identity of the thing sued for, this Court has looked to whether the facts and evidence necessary to prove one cause of action are distinct from those needed to prove another. Inter-Active Servs., Inc. v. Heathrow Master Ass'n, 809 So.2d 900, 902-03 (Fla. 5th DCA 2002). Here, Former Wife filed two distinct motions related to two distinct alimony obligations. In her first motion, she sought primarily to recover non-modifiable alimony payments. At no point in the first motion were Former Husband's additional alimony obligations ever mentioned. In the second motion, however, Former Wife sought an order requiring Former Husband to make payments on the outstanding mortgage and sanctions for his failure to do so. Thus, the first identity is not met.
The second identity is similarly absent. "Identity of the causes of action is established where the facts which are required to maintain both actions are identical." Gold v. Bankier, 840 So.2d 395, 397 (Fla. 4th DCA 2003) (quoting Cole v. First Dev. Corp. of Am., 339 So.2d 1130, 1131 (Fla. 2d DCA 1976) ). Further, although both actions have some overlapping facts, this does not bar the second action under res judicata. Tyson, 890 So.2d at 1210. Here, Former Wife relied on different facts and evidence to prove each motion. In her first motion, she only offered evidence with respect to the non-modifiable alimony obligations. Specifically, she outlined Former Husband's non-modifiable alimony obligations under the marital settlement agreement and made no mention of the mortgage obligation. On the other hand, in the second motion, Former Wife alleged facts to show Former Husband never paid the additional alimony obligations related to the mortgage and that he intentionally tried to prevent Former Wife from making payments on the mortgage herself. Thus, even though there is some overlap in these motions for contempt, both motions clearly required proof of different facts. Thus, the second identity is not met.
The trial court found that res judicata barred the second motion for contempt because the issue of contempt for failure to pay the mortgage could have been raised in the earlier motion and was not. The trial court cited Pearce for the proposition that the "doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised in the first case." 219 So.3d at 966. However, as Former Wife points out, a litigant raising a defense of res judicata must still assert that there has been both a judgment on the merits in a prior suit and that the four identities described above have been met. Id. While both claims in Pearce arose from identical factual circumstances, the motions in this case clearly do not. To the contrary, the motions here contained distinct factual allegations and sought contempt for different forms of alimony. Therefore, the conclusion that res judicata precluded the court from considering *674 the motion for contempt regarding the stipulation mortgage payments was error. That holding is reversed and this case is remanded to the lower court to conduct an evidentiary hearing on Former Wife's motion for contempt.
REVERSED and REMANDED.
EVANDER and LAMBERT, JJ., concur.