# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D18-1976 & 3D18-1975
Lower Tribunal No. 16-28473
_____

**Cozen O'Connor, PLC and John David Dickenson, et al.,**
Petitioners,

vs.

**Mintz Truppman, P.A., etc.,**
Respondent.


On Petition for Writ of Certiorari from the Circuit Court of Miami-Dade County, David C. Miller, Judge.

Cozen O'Connor, and Charles C. Kline, Jason R. Domark and Reid Kline; Cole, Scott & Kissane, P.A., and Thomas E. Scott, for petitioners.

Mintz Truppman, P.A., and Timothy H. Crutchfield; Kramer, Green, Zuckerman, Greene & Buchsbaum, P.A., and Shawn R. Horwick and Craig M. Greene (Hollywood), for respondent.


Before FERNANDEZ, C.J., and LOGUE and SCALES, JJ.

SCALES, J.

This case comes to this Court on remand from the Florida Supreme Court, with directions for us to adjudicate, in the first instance, the petitions for writ of certiorari filed by petitioners, the defendants below, Cozen O'Conner, PLC and John Dickerson (together, "Cozen") and Lexington Insurance Company ("Lexington"). Mintz Truppman, P.A. v. Cozen O'Connor, PLC, 47 Fla. L. Weekly S519, 2022 WL 3650714 (Fla. Aug. 25, 2022). ("Cozen II"). In Cozen II, the Florida Supreme Court quashed our opinion in Cozen O'Connor, PLC v. Mintz Truppman, P.A., 306 So. 3d 259 (Fla. 3d DCA 2020) ("Cozen I").

In Cozen I, we consolidated Cozen and Lexington's certiorari and prohibition petitions for all purposes and, relying upon prior authority from this Court,[1] we granted Cozen and Lexington's petitions to the extent that their petitions sought to prohibit the trial court from continuing to adjudicate Mintz Truppman's state court lawsuit. Cozen I, 306 So. 3d at 265.

Mintz Truppman's state court lawsuit alleged that petitioners had violated Florida's Mediation Confidentiality and Privilege Act ("the Act").[2]

---

[1] The two cases are E.J. DuPont de Nemours & Co. v. Melvin Piedmont Nursery, 971 So. 2d 897 (Fla. 3d DCA 2007) and Carnival Corporation v. Middleton, 941 So. 2d 421 (Fla. 3d DCA 2006).

[2] In its second amended complaint, Mintz Truppman sought declaratory and injunctive relief; and alleged breach of mediation contract, conspiracy to

2

Cozen and Lexington filed motions to dismiss Mintz Truppman's second amended complaint, alleging, *inter alia*, that (i) the litigation privilege protected Lexington from state court liability for defending itself against Mintz Truppman's federal lawsuit, and (ii) the trial court lacked subject matter jurisdiction on a standing ground, as Mintz Truppman was not a "party" to the mediation. The trial court entered orders denying Cozen and Lexington's motions to dismiss. Their petitions sought to quash these orders via both prohibition and certiorari.

In Cozen I, we held that, because the gravamen of Mintz Truppman's state court action was to obtain additional attorney's fees in a fee claim that had been adjudicated to finality in federal court, Mintz Truppman was collaterally estopped from seeking such fees in its state court case; and therefore, the state court lacked the requisite jurisdiction to adjudicate Mintz Truppman's claim. 306 So. 3d at 264-65. We granted Cozen and Lexington's consolidated petitions for writ of prohibition and directed the trial court to dismiss Mintz Truppman's second amended complaint. Id. at 265. Because we granted only that portion of Cozen and Lexington's consolidated petitions seeking prohibition, we neither reached nor adjudicated the alternate

_____

violate the Act, breach of the Act's confidentiality provision, bad faith/unfair claims practices, and fraud in the inducement.

3

assertions in the petitions seeking certiorari relief from the challenged order. In fact, we dismissed, as moot, the consolidated certiorari petitions. Id. As mentioned above, in quashing Cozen I, our Supreme Court directs that we now adjudicate the consolidated certiorari petitions. Cozen II, 2022 WL 3650714 at *4.

In their consolidated certiorari petitions, Cozen and Lexington argue that, in entering the challenged order, the trial court departed from the essential requirements of law because: (i) Cozen and Lexington's decision to include Mintz Truppman's pre-mediation demand letter within Lexington's response to Mintz Truppman's client's attorney's fee motion in federal court is immunized by the litigation privilege; and (ii) Mintz Truppman lacks standing under the Act to pursue its claims for relief.

We lack certiorari jurisdiction, though, to decide the issue of whether a trial court has departed from the essential requirements of law, unless a certiorari petition first establishes that the challenged order results in irreparable harm that cannot be remedied on appeal. Citizens Prop. Ins. Corp. v. San Perdido Ass'n, 104 So. 3d 344, 351 (Fla. 2012). Cozen and Lexington fail to make the requisite showing that the trial court's denials of their motions to dismiss caused irreparable harm. Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014) ("Under the high standard for

4

issuance of certiorari, the first and necessary condition is demonstration of irreparable harm. Mere legal error without irreparable harm, even a departure from the essential requirements of law, while appealable at the end of the case, is not a basis for the issuance of a writ of certiorari. Unless the petitioner establishes irreparable harm, the court must dismiss the petition for lack of jurisdiction.").

Cozen and Lexington are now free to plead their denials and defenses, and ultimately might prevail in the lawsuit. We have held in the certiorari context, though, that having to defend against a lawsuit that a party believes lacks merit does not constitute the requisite irreparable harm. See Rodriguez v. Miami-Dade Cnty., 117 So. 3d 400, 405 (Fla. 3d DCA 2013).

We therefore conclude that we lack certiorari jurisdiction to review the challenged orders, and are compelled to dismiss Cozen and Lexington's consolidated petitions seeking certiorari relief.

Consolidated certiorari petitions dismissed.