# Third District Court of Appeal

## State of Florida

Opinion filed May 28, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0992
Lower Tribunal No. 19-18029-FC-04
_____

**Maria C. Meruelo,**
Appellant,

vs.

**Richard Meruelo, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

Rafool, PLLC, Raymond J. Rafool, Seth J. Rutman and Kaylin R. Cohen, for appellant.

Law Offices of Geoffrey B. Marks, and Geoffrey B. Marks, for appellees.

Before FERNANDEZ, GORDO and LOBREE, JJ.

GORDO, J.

Maria C. Meruelo appeals an order granting partial summary judgment in favor of Richard and Belinda Meruelo. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because the precise claims at issue were previously litigated in a related declaratory action,[1] we find the trial court properly granted summary judgment and affirm. See Pearce v. Sandler, 219 So. 3d 961, 965 (Fla. 3d DCA 2017) ("Collateral Estoppel precludes re-litigating an issue where the same issue has been fully litigated by the parties . . . and a final decision has been rendered by a court." (quoting Mtge. Elec. Registration Sys., Inc. v. Badra, 991 So. 2d 1037, 1039 (Fla. 4th DCA 2008))); E.I. DuPont de Nemours & Co. v. Melvin Piedmont Nursery, 971 So. 2d 897, 898-99 (Fla. 3d DCA 2007) ("The Respondents are simply attempting an end run around the [prior] court's adverse determination by re-litigating the same issues here. They are precluded from doing so under the doctrine of collateral estoppel . . . The final summary judgment entered in the [prior] action . . . . constitutes a final determination of the issues."); Pearce, 219 So. 3d at 966-67 ("'[I]f a matter has already been decided [and] the petitioner has already had his or her day in court . . . that matter generally will not be reexamined again in any court' . . . . Based on principles of res

---

[1] See Meruelo v. Rebuild Mia. Edgewater, LLC, 389 So. 3d 529 (Fla. 3d DCA 2024).

judicata, a judgment on the merits will thus bar a subsequent action between the same parties on the same cause of action." (quoting Zikofsky v. Mktg. 10, Inc., 904 So. 2d 520, 523 (Fla. 4th DCA 2005))); Pelphrey-Weigand v. Weigand, 283 So. 3d 822, 827 (Fla. 2d DCA 2019) ("Time and again, the courts have expressly rejected the proposition . . . that a claimant may avoid the res judicata prohibition by changing either the relief requested or the theory under which the claim is made.").

Affirmed.